Jack Thomas JACKSON, Appellant,

v.

The STATE of Texas, State.

No. 2–84–167–CR.

Court of Appeals of Texas, Fort Worth.

Dec. 19, 1984.

H. Dale Bailey, Amarillo, for appellant.

R.J. Thornton, County Atty., Plainview, for the State.

Before HUGHES, BURDOCK and HILL, JJ.

OPINION

HUGHES, Justice.

Jack Thomas Jackson has appealed his conviction for the misdemeanor offense of

driving while intoxicated. He was tried by a jury and found guilty. The jury assessed punishment at two (2) years in the county jail in Hale County, Texas, and a fine of five hundred dollars ($500.00). The appellant filed a motion for new trial based on jury misconduct, which was denied.

For reasons stated below, we reverse and render.

On August 8, 1982, appellant was driving south on Business U.S. Highway 87 in Plainview, Texas when he stopped at a red light. A Plainview patrolman brought his vehicle alongside appellant's and reportedly observed what "appeared to be a beer bottle" in appellant's right hand being held up slightly. When the signal light turned green, appellant proceeded south and was followed for approximately four blocks by the patrolman.

The patrolman said appellant committed no traffic violations and pulled over promptly after the patrolman activated his lights. The patrolman asked appellant to step to the rear of the car, which he did. The patrolman also asked appellant to take a field sobriety test, which he refused to do. The patrolman reported that appellant swayed when he walked, had bloodshot eyes, a heavy smell of alcohol, slurred speech, and was, in his opinion, very drunk.

Appellant objected to the admission of the patrolman's testimony that appellant refused to take a field sobriety test on grounds that a field sobriety test is not required. The objection was overruled, but appellant was given a running objection to preserve the error for appeal.

■ The appellant's seventh ground of error complains that there was no probable cause to stop appellant's vehicle. We agree.

The arresting officer testified that his only reason to suspect appellant of driving while intoxicated was that he observed appellant holding what appeared to be a beer bottle. He did not even see appellant drink from the bottle. The officer testified that appellant violated no traffic laws and that

he pulled over promptly after the officer flashed his lights.

The law of probable cause to stop and detain a person requires that a "police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." "And in making that assessment it is imperative that the facts be judged against an objective standard: would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?" *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968).

"The inarticulate hunch, suspicion or good faith of an arresting officer is insufficient to constitute probable cause for an arrest, search or temporary detention." *Leighton v. State*, 544 S.W.2d 394, 397 (Tex.Crim.App.1976). "Where events are as consistent with innocent activity as with criminal activity, detention based on those events is unlawful." *Shaffer v. State*, 562 S.W.2d 853, 855 (Tex.Crim.App.1978).

Since Texas does not have an "Open Container Law," the act of drinking while driving is not an offense as long as the driver is not intoxicated. By presuming that appellant was intoxicated, the officer was acting on a hunch. The beer which appellant was drinking could have been his first beer or his sixth. The sole fact of holding a beer bottle was no less consistent with the former than with the latter.

■ We interpret the law to mean that the events upon which an officer bases his probable cause to stop a car must be more consistent with criminal activity than with innocent activity. If the events are equally consistent with innocent activity as with criminal activity, then the officer cannot draw any reasonable conclusions from his observations and there is no probable cause.

One factually similar case was *McDougald v. State*, 547 S.W.2d 40 (Tex.Crim.App. 1977), where the appellant's conviction was

reversed based on an illegal stop. In that case, the arresting officer had seen the appellant leave the scene of a domestic disturbance in an angry state of mind at approximately 2:00 a.m. Three hours later, the same officer observed the appellant driving along the highway and pulled him over. The officer saw a gun inside the car and arrested the appellant for illegal possession of a firearm by a convicted felon. The officer testified that the appellant had violated no traffic laws, that he did not know where the appellant had been since leaving him earlier, that he had no idea that appellant had done anything wrong, and that appellant was just driving around. Under these facts, the Court of Criminal Appeals concluded that the officer was not authorized to make an investigatory stop of appellant.

We think the logic of *McDougald, id.,* should be followed in this case. Appellant violated no traffic laws and gave the officer no basis to reasonably infer that appellant was intoxicated. We hold, therefore, that the officer did not have probable cause to stop the appellant's car and that the appellant's conviction was in error.

Reversed and rendered.