COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-248-CR

 

 

KENNETH J. MAXWELL                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 7 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Appellant Kenneth J. Maxwell
challenges the jury=s verdict
finding him guilty of misdemeanor driving while intoxicated.

                                         Factual Summary








On April 22, 2003, at 2:00
a.m., Officer James Hill stopped appellant for driving eighty miles per hour in
a sixty-miles-per-hour zone on the West Freeway in Fort Worth.  Officer Hill also noticed that appellant
failed to use his turn signal when he changed lanes and that appellant was
weaving.  Appellant admitted to Officer
Hill that he had been drinking after Officer Hill noticed an odor of alcohol
and appellant=s bloodshot
eyes.  Appellant, however, refused to
perform any sobriety tests in the field or later at the police department.  After arresting him and taking him to the
police department, appellant eventually submitted to a breath test
approximately one hour later, which indicated he was legally intoxicated at
0.11.  He was charged by information
under two theories of intoxication: loss of normal use of mental and physical
faculties or an alcohol concentration of at least 0.08.  The court denied his pretrial motion to
suppress the evidence and any statements obtained as a result of his
arrest.  A jury found him guilty.  The trial court sentenced him to 180 days= confinement with a $450 fine. 
The court suspended his sentence and placed him on twelve months= community supervision. 

                                         Issues on Appeal








In appellant=s first point, he contends the evidence is legally insufficient  to prove either of the State=s theories of intoxicationCloss of normal use of his mental and physical faculties or an alcohol
concentration of at least 0.08.  In his
second point, he challenges the factual sufficiency of the evidence to support
the jury=s verdict.  In his third point,
appellant asserts trial court error in overruling his motion to suppress the
evidence based upon a lack of probable cause to arrest appellant.  In his fourth point, he asserts error in
overruling the motion to suppress the breath test results because he was not
afforded his right to Acontact a
physician to obtain a specimen of his blood.@  In his final point, appellant
claims trial court error in overruling his objection to allegedly improper jury
argument at the guilt-innocence phase of the trial.  We begin our discussion with appellant=s suppression points.  

                                        Suppression Issues








Appellant contends that his
arrest was illegal because it was made without probable cause in violation of
the Fourth Amendment and the United States Constitution; article I, section 9
of the Texas Constitution; and article 38.23 of the Texas Code of Criminal
Procedure.[1]  Appellant contends that the arresting officer=s testimony shows that he had made the decision to arrest appellant
prior to the time appellant got out of his car because he testified that
appellant was Apossibly
intoxicated above the legal limit.@ Appellant believes Officer Hill made his decision to arrest him after
observing factors only showing that appellant had been drinking, not that he
was intoxicated, e.g., red eyes, smell of alcohol, refusal to perform field
sobriety tests, speeding, and appellant=s admission that he had been drinking. 
He also contends, without authority, that the refusal to perform field
sobriety tests cannot be used as a factor in establishing probable cause to
arrest.








We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  In reviewing
the trial court's decision, we do not engage in our own factual review. Romero
v. State, 800 S.W.2d 539, 543 (Tex. Crim. App.  1990); 
Best v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000);  State v.
Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App.1999).  Therefore, we give almost total deference to
the trial court=s rulings on
(1) questions of historical fact, even if the trial court's determination of
those facts was not based on an evaluation of credibility and demeanor; and (2)
application‑of‑law‑to‑fact questions that turn on an
evaluation of credibility and demeanor.  Montanez
v. State, 195 S.W.3d 101, 108B09 (Tex. Crim. App. 2006);   Johnson
v. State, 68 S.W.3d 644, 652B53 (Tex. Crim. App. 2002); State v. Ballman, 157 S.W.3d 65, 68
(Tex. App.CFort Worth
2004, pet. ref=d).  But when the trial court's rulings do not
turn on the credibility and demeanor of the witnesses, we review de novo a
trial court=s rulings on
mixed questions of law and fact.  Estrada
v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson, 68
S.W.3d at 652‑53.  Stated another
way, when reviewing the trial court=s ruling on a motion to suppress, we must view the evidence in the
light most favorable to the trial court's ruling.  State v. Kelly, 204 S.W.3d 808, 818
(Tex. Crim. App. 2006).  When the record
is silent on the reasons for the trial court=s ruling, or when there are no explicit fact findings and neither
party timely requested findings and conclusions from the trial court, as in
this case, we imply the necessary fact findings that would support the trial
court=s ruling if the evidence, viewed in the light most favorable to the
trial court=s ruling,
supports those findings.  Id.  We then review the trial court=s legal ruling de novo unless the implied fact findings supported by
the record are also dispositive of the legal ruling.  Id.








We must uphold the trial
court=s ruling if it is supported by the record and correct under any theory
of law applicable to the case even if the trial court gave the wrong reason for
its ruling.  Armendariz v. State,
123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 974
(2004); Ross, 32 S.W.3d at 856; Romero, 800 S.W.2d at 543; Martinez
v. State, 236 S.W.3d 361, 367 (Tex. App.CFort Worth 2007, pet. dism=d).  Further, as noted by the
State in its brief, we are to review the trial court=s decision by looking at and considering the Atotality of the circumstances.@  Wiede v. State, 214
S.W.3d 17, 24-25 (Tex. Crim. App. 2007). 


We should not, as appellant
does, look at the facts in existence piecemeal or isolate our review to those
facts elicited only on cross-examination by the defense.  Looking to the totality of these
circumstances, there were other additional facts that Officer Hill could have
considered in establishing probable cause: it was 2:00 a.m. and appellant
admitted he was coming from a place that the officer knew sold alcohol;
appellant admitted he had been drinking as well; appellant was not just
speeding but he was speeding while admittedly having at least drunk some
alcohol; appellant passed the officer while speeding; appellant was also
weaving in his own lane and had failed to use his turn signal when he changed
lanes; and appellant refused to perform any field sobriety tests. 








Appellant contends that we
may not include an appellant=s refusal to submit to field sobriety tests in our probable cause
review, but he cites no authority for this proposition, and we likewise have
been unable to find authority that supports his proposition.   The only case we have found directly on
point states that we may consider an appellant=s refusal to submit to an officer=s request for field sobriety tests in our probable cause review.  State v. Garrett, 22 S.W.3d 650, 655
(Tex. App.CAustin 2000,
no pet.).  In that case, the Austin Court
of Appeals approved considering the defendant=s refusal to participate in field sobriety tests because it was a Adirect result of the defendant=s conduct, i.e., his refusal to participate in any of these tests.@  Id.  The court stated that officers may
consider a defendant=s refusal as
a part of the Atotality of
the circumstances.@[2]  This does not modify an older
Fort Worth case that supports the proposition that the refusal to undertake
field sobriety tests alone is insufficient probable cause.  Jackson v. State, 681 S.W.2d 910, 912
(Tex. App.CFort Worth,
no pet.).  Here, there are other factors
that additionally support the finding of probable cause.  Thus, we conclude and hold that when
considering the totality of all the evidence admitted at trial and doing so in
the light most favorable to the trial court=s ruling, there was sufficient evidence to establish probable cause to
arrest appellant.  Thus, we conclude that
the trial court correctly denied appellant=s motion to suppress.  We
overrule appellant=s third
point.








In appellant=s other point complaining about the denial of his motion to suppress,
he contends that the results of his breath tests were inadmissible because he
was not afforded Ahis right to
contact a physician to obtain a specimen of his blood.@  Appellant contends that
transportation code section 724.019(a)B(b) was violated.[3]  That section provides that a person arrested
for a driving while intoxicated offense should be given a reasonable
opportunity to contact a physician or nurse to take an additional specimen of
blood once the person has submitted to the taking of a specimen of breath,
blood, urine, or other specimen.  Tex. Transp. Code Ann. ' 724.019(a), (b) (Vernon 1999). 
In particular, appellant contends that he was not given a reasonable
opportunity to contact such a person and that the State showed no Ainability@ to do so. 








According to appellant=s testimony, after he had consented to and given a breath specimen, he
was taken from his holding cell into a hallway and given an opportunity to get
an additional test.  He testified that he
was then told that there would be a time limit on getting such a test done and
that he was free to call a physician, but they never gave him access to a
phone.  Appellant asked to be taken to a
hospital for a test, and he also asked whether the police had someone on staff who
could give him a blood test.  Both
requests were denied. So appellant gave them the name of a friend and asked
them to call her to see if she could contact someone to give him the test.  No one told him if they reached her or the
result of the conversation, according to appellant.  Officer Hill conceded that appellant wanted a
blood test and that he had a right to contact someone to try to get a blood
test once he submitted to a breath test. 
He also admitted on cross-examination that he had only seen one person
in custody ever get another specimen, and in that case, the specimen was taken
by the person=s wife who
happened to be a doctor.  Officer Hill
further acknowledged that the law required the additional test to be done
within a two-hour window from arrest and that appellant was given his breath
test at about 3:00 a.m.,  already one
hour and two minutes after his arrest. 
Officer Hill said appellant was allowed to call his wife or girlfriend
but that the police department=s policy was not to take anyone to another facility for any additional
testing. 








Section (c) of 724.019
provides that a peace officer is not required to transport someone in
custody to a facility for testing, and further, section (d) provides that the Afailure or inability to obtain
an additional specimen or analysis under this section does not preclude the
admission of evidence relating to the analysis of the specimen taken@ by the officer originally.  Tex. Transp. Code Ann. ' 724.019(c), (d) (emphasis supplied). 
Thus, under this very statute there are two scenarios under which the
failure to obtain another specimen has no effect on admissibility of the
original breath specimen:  neither the Afailure@ nor the Ainability@ to obtain
the additional blood specimen affects the admissibility of the original breath
test.  In spite of this, appellant argues
for the suppression of the original breath test due to the officers= failure to provide him with a reasonable opportunity to obtain a
blood test and the State=s failure to
prove Ainability.@  

Statutory construction is a
question of law for the courts to determine. 
Jones v. State, 175 S.W.3d 927, 930 (Tex. App.CDallas 2005, no pet.).  We begin
with the plain and common meaning of the statute.  Bargas v. State, 164 S.W.3d 763, 772
(Tex. App.CCorpus
Christi 2005, no pet.).  We are to
interpret words and phrases in context and construe them according to the rules
of grammar and common usage.  Tex. Gov=t Code Ann. ' 311.011 (Vernon 2005).  We are
to presume that the entire statute is to be effective, and we may consider the
object to be attained regardless of whether the statute is determined to be
ambiguous or not.  Id. '' 311.021, 311.023.  If the
language is clear, we must interpret it according to its terms.  Bargas, 164 S.W.3d at 772.  Only if the interpretation leads to absurd
results will we look to extra-textual factors to determine legislative
intent.  Id.  








When
we interpret a statute we seek to effectuate the collective intent or purpose
of the legislators who enacted the legislation. . . . [W]e must
interpret an unambiguous statute literally, unless doing so would lead to an
absurd result that the legislature could not possibly have intended. . . .
Where the statute is clear and unambiguous, the Legislature must be understood
to mean what it has expressed, and it is not for the courts to add or subtract
from such a statute.  

 

Seals v. State, 187 S.W.3d 417, 419_20 (Tex. Crim. App. 2005).  

Here, the language is clear:
the legislature specifically addressed the ramifications of Afailure or inability@ to obtain another specimen and it clearly provided that such failure
or inability would have no effect on the admissibility of the specimen obtained
by the officer.  And while we may
question the legislature=s failure to
provide a remedy for non-compliance, we cannot say that the failure to do so is
absurd.  The legislature obviously wanted
to make such opportunity available to such drivers but did not want to risk all
prosecutions simply because an additional test was unobtainable for some
reason.  Because the statute itself
states that the inability or failure to obtain another specimen does not affect
the admissibility of the original breath specimen, we must follow the dictates
of the statute and hold that there was no trial court error in denying
appellant=s motion to
suppress on this basis.  We overrule
appellant=s fourth
point and turn to appellant=s sufficiency points.

                                                    








                                  Sufficiency of
the Evidence

In appellant=s first point, he contends the evidence is legally insufficient to
support the verdict, and in his second point, he contends the evidence is
factually insufficient to support the verdict.

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the prosecution in order to determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v.
State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).








Under appellant=s legal sufficiency challenge, he complains about the lack of evidence
to support the jury=s finding of
a level of alcohol concentration of .08 or greater.  In particular, he complains that because the
test was Agiven within
an hour of the stop,@ there is
only evidence of his alcohol concentration one hour after the stop as opposed
to evidence of his blood alcohol concentrationCABAC@Cat the time he was observed driving while allegedly intoxicated.  Appellant contends the evidence shows that he
could have been below the .08 level because no one testified that he would have
been at or above the legal limit an hour earlier.   The Texas Court of Criminal Appeals has held
that breath tests are probative and admissible even in the absence of
retrograde extrapolation testimony.  Stewart
v. State, 129 S.W.3d 93, 97 (Tex. Crim. App. 2004).  The lack of extrapolation evidence goes to
its weight, not its admissibility.  State
v. Mechler, 153 S.W.3d 435, 449 (Tex. Crim. App. 2005).  Thus, the breath test showing a BAC of .11 is
some evidence of intoxication. 








Furthermore, appellant was
charged under two theories of intoxication: loss of normal use and excess
BAC.  Although somewhat unclear,
appellant appears to argue that the jury could not rely on the alternate theoryCloss of normal useCbecause the evidence admitted at trial on this theory was also legally
insufficient. The evidence admitted, however, shows that the officer testified
that appellant was stopped because he was traveling at about eighty miles per
hour at 2:00 a.m. on Fort Worth=s West Freeway while drifting two times within his lane and changing
lanes once without a proper signal; that appellant passed the officer in his
patrol car while traveling approximately twenty miles per hour over the posted
speed limit; that Officer Hill noticed an odor of alcohol and bloodshot eyes;
that appellant admitted he had been drinking and had come from the Illusions
bar where he had been drinking; and appellant refused to perform field sobriety
tests.  The jury was thus free to
believe, based upon the totality of the circumstances, that appellant was
intoxicated while driving based upon the absence of the normal use of his
mental or physical faculties.  Therefore,
the absence of extrapolation evidence as to his blood alcohol level at the time
of the stop was irrelevant to the jury=s finding of guilt because he was charged under both theories.  We overrule appellant=s first point.

When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).  To reverse under the second
ground, we must determine, with some objective basis in the record, that the
great weight and preponderance of all the evidence, though legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d at 417.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at
8.  Thus, we must give due deference to
the fact-finder=s
determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Id. at 9.

An opinion addressing factual
sufficiency must include a discussion of the most important and relevant
evidence that supports the appellant=s complaint on appeal.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Moreover, an opinion reversing and remanding
on factual insufficiency grounds must detail all the evidence and clearly state
why the finding in question is factually insufficient and under which ground.  Goodman v. State, 66 S.W.3d 283, 287
(Tex. Crim. App. 2001); Johnson, 23 S.W.3d at 7.








Reviewing the evidence in a
neutral light, we cannot say that there was factually insufficient evidence to
support the jury=s
verdict.  Here, appellant points particularly
to the arresting officer=s testimony
conceding that appellant behaved normally and walked and talked normally.  However, when viewing this evidence, we must
also consider the other evidence previously mentioned in our legal sufficiency
review, and review all the evidence in a neutral light.  And when so reviewing the evidence, including
the evidence of appellant=s refusal to
perform field sobriety tests, we conclude the evidence is also factually
sufficient to support the jury=s verdict.  We overrule
appellant=s second
point.

                            Improper Jury
Argument

Finally, we turn to appellant=s last point, in which he contends that the trial court erred by
overruling his objection to an instance of allegedly improper jury argument
during guilt/innocence.  In particular,
appellant contends that the prosecutor suggested that defense counsel Awas acting unethically in trying to distract the jurors from focusing
on the evidence against appellant by >putting everyone else on trial.=@ Appellant objected to the following:

[PROSECUTOR]: Of the fifteen minutes that Defense
Counsel got up here and talked to you [during jury argument], ten of those
minutes were spent talking about somebody else besides that Defendant, because
that=s
what he was trying to do, put everybody else on trial.








[DEFENSE COUNSEL]: Objection, Judge.  It=s an attempt to strike at the
Defendant over Counsel=s shoulders.

 

[PROSECUTOR]: Put everyone else on trial to
distract. [Emphasis added].

 

Appellant contends this argument Aintentionally sought to distract the jurors from the evidence against
appellant by putting >everybody
else on trial.=@  Appellant also contends this
is an attempt to strike at appellant over the shoulders of his counsel and an
attempt to divert the jury from performing its role as trier of fact.               








To be permissible, the State=s jury argument
must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable
deduction from the evidence; (3) answer to argument of opposing counsel; or (4)
plea for law enforcement.  Felder v.
State, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), cert. denied,
510 U.S. 829 (1993); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim.
App. 1973).  If a jury argument exceeds
the bounds of proper argument, the trial court=s erroneous
overruling of a defendant=s objection is not reversible error unless
it affected the appellant=s substantial rights.  Tex.
R. App. P. 44.2(b); Martinez v. State, 17 S.W.3d 677, 692-93
(Tex. Crim. App. 2000); Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim.
App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070
(1999).  In determining whether the
appellant=s substantial rights were affected, we
consider (1) the severity of the misconduct (i.e., the prejudicial effect of
the prosecutor=s remarks), (2) curative measures, and (3)
the certainty of, conviction absent the misconduct.  Martinez, 17 S.W.3d at 692-93; Mosley,
983 S.W.2d at 259.

The
Court of Criminal Appeals has consistently held that arguments that strike at a
defendant over the shoulder of his defense counsel are improper.  Dinkins v. State, 894 S.W.2d 330, 357
(Tex. Crim. App. 1995).  Although the
Court has found it impossible to articulate a precise rule regarding these
types of arguments, it has cautioned that Aa prosecutor runs a risk of
improperly striking at a defendant over the shoulder of counsel when the
argument is made in terms of defense counsel personally and when the argument
explicitly impugns defense counsel's character.@  Mosley v. State, 983 S.W.2d 249, 259
(Tex. Crim. App. 1998).  Even if a
prosecutor's statements are intended as a rebuttal, the legitimate arguments of
defense counsel cannot serve as a basis for permitting prosecutorial comments
that "cast aspersion on defense counsel's veracity with the
jury."  

 

Cole v. State, 194 S.W.3d 538, 544 (Tex. App.CHouston [1st Dist.] 2006, pet. ref=d) (quoting Dinkins, 894 S.W.2d at 357).








The State contends the
argument was a proper response to defense counsel=s arguments that questioned some of the State=s witnesses, Officer Hill, Mark Fonderen, and the intoxilyzer
operator.  We agree.  When we look at the argument in the context
of all of appellant=s arguments
and all of the witnesses= testimony,
we can see that the remark was an attempt to redirect the jury to the testimony
and evidence that was admitted yet not rebutted as opposed to actually Atrying to put everyone else on trial.@  The argument is more in the
nature of a colloquialism and an attempt to respond to appellant=s closing argument that critiqued a lot of the State=s witnesses and case.  Thus, we
conclude that the prosecutor=s argument was a proper response to opposing counsel=s arguments.  We overrule
appellant=s fifth
point.

                                             Conclusion

Having overruled all of
appellant=s points, we
affirm the trial court=s
judgment.   

TERRIE LIVINGSTON    JUSTICE

 

PANEL B:   LIVINGSTON, WALKER,
and MCCOY, JJ.

PUBLISH

DELIVERED: March 13, 2008

 











[1]Appellant
does not challenge the validity of the initial traffic stop. 





[2]We
also note that there are cases that support the admission of the refusal to
participate in field sobriety tests in the context of the sufficiency of the
evidence on intoxicationCa
different question from its consideration in the probable cause analysis.  See Dawkins v. State, 822
S.W.2d 668, 671 (Tex. App.CWaco 1991), pet. ref=d, 825
S.W.2d 709 (Tex. Crim. App. 1992); Barraza v. State, 733 S.W.2d 379, 381
(Tex. App.CCorpus
Christi 1987), aff=d, 790
S.W.2d 654 (Tex. Crim. App. 1990).





[3]Appellant
does not contend that his consent to give a breath specimen was coerced or
involuntary as he had argued at trial in addition to this complaint.  See Harrison v. State, 205 S.W.3d 549, 553
(Tex. Crim. App. 2006); Erdman v. State, 861 S.W.2d 890, 893 (Tex. Crim.
App. 1993).