James McDOUGALD, Appellant,

v.

The STATE of Texas, Appellee.

No. 53667.

Court of Criminal Appeals of Texas.

Feb. 23, 1977.

John Judge, Amarillo, for appellant.

Thomas A. Curtis, Dist. Atty. and Bruce P. Sadler, Asst. Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

QUENTIN KEITH, Commissioner.

The appeal is from an order revoking probation. On July 26, 1974, appellant was convicted of criminal mischief in that he damaged and destroyed a motor vehicle, such damage causing a pecuniary loss in excess of two hundred dollars; and, upon his plea of guilty, his punishment was fixed at confinement for two years probated. Among the conditions of his probation was one that he commit no offense against the laws of this state.

On December 9, 1975, the State filed a motion to revoke probation, there being several allegations in the motion, only one of which is material to this opinion: that on or about December 5, 1975, appellant knowingly and intentionally carried a handgun on and about his person. At the hearing, appellant pleaded not true to the charges in the motion.

At the conclusion of the hearing, the trial court entered an order revoking probation and sentenced appellant to confinement for two years. The appeal is prosecuted upon a single ground of error:

"The trial court committed reversible error by receiving into evidence the fruits of the search of the appellant's vehicle for the reason that the arresting officer did not have a warrant or probable cause to stop appellant's vehicle for the purposes of arrest, search or investigation."

After carefully reviewing the record and the applicable authorities, we agree, and the judgment of the trial court is reversed for the reasons now to be stated.

The only evidence material to the revocation came from Amarillo Police Officer Austin W. Brown who stopped appellant while he was driving his pickup truck on IH–40 in Amarillo at about five o'clock in the morning. Officer Brown found a pistol in plain view in appellant's truck after it was stopped. Appellant was then arrested, taken to jail, and the proceedings to revoke probation were begun.[1]

About two o'clock in the morning of December 5, 1975, Officer Brown was assigned as a "back-up man" to go to the scene of a disturbance at a house located at 4303 East 32nd Street in Amarillo. When he arrived at the address mentioned, he saw appellant, his girl friend, and other police officers talking inside the house. Brown said that the disturbance was caused by a "difference of opinion" between appellant and his girl friend. Appellant was advised by the officers to leave the house and Officer Brown saw him leave driving a pickup truck.

About three hours later that same morning, while Officer Brown was west-bound on the north frontal road of IH–40, he noticed appellant enter the freeway and proceed in a west-bound lane thereof. Brown turned and entered the freeway and stopped appellant who immediately got out of the truck and met Brown at about the left rear fender of the pickup truck.

Upon direct examination, Brown testified:

"A. I asked the subject [appellant] if it was possible if I could look *at* his vehicle.

"Q. And what did he say?

"A. He said, 'Sure, go ahead.'

"Q. Officer, did you find anything *in* his vehicle?

"A. Yes, sir, I made a visible search outside, looking inside through the

---

1. Although the motion to revoke probation contained other grounds, State's counsel was unable to prove the truth thereof. Although appellant sought findings of fact, none were filed. The trial court did, however, note in the record:

"THE COURT: I would hear any argument or statement by the State or the defense. I will say that, of course, under the present record, the only thing in the record that we are looking at is the carrying of the firearm.

"MR. SADLER [State's counsel]: Yes, Your Honor.

"THE COURT: There is no evidence whatsoever on the other four [grounds set out in the motion to revoke probation].

"MR. SADLER: Yes, Your Honor. The State would address ourselves to that issue."

window, and on the passenger's side floorboard I found a .38 caliber revolver." (emphasis supplied)

Brown also told of finding five expended shells in the pistol and his arrest of appellant whom he carried to the jail.

Upon cross-examination, Brown testified that although he had heard of another disturbance at the East 32nd Street address, he had no knowledge of appellant's having been involved therein, since he left that address after appellant several hours earlier. Brown frankly admitted that (1) he did not know where appellant had been since he left the house earlier; (2) that he did not see appellant commit any traffic violations; (3) that he was not driving erratically; (4) that street lights provided adequate lighting at the place of the arrest; (5) he had no warrant for his arrest; (6) that he had no idea that appellant had done anything wrong; and (7) that appellant was just riding around.

Appellant testified only for the limited purpose of showing that there was an illegal arrest, search and seizure. He denied knowledge of the whereabouts of the pistol in the truck. The trial judge concluded that appellant had consented to the search and overruled appellant's objection to the admission into evidence of the pistol which Officer Brown found in the vehicle. Counsel has preserved, properly, the contention at all appropriate steps in the proceedings.

■ Upon submission of the cause, appellant's counsel made it plain that he urged only the single contention: that Brown had no authority to stop him under the circumstances shown in this record and that consent was not in issue. State's counsel, in his brief and argument, has placed great emphasis upon Brown's testimony that his was a consensual search and that the pistol was in plain view. He does not directly answer appellant's contention that Brown had no authority to stop appellant. As presented by appellant, consent and plain view are of no consequence in this case.

We are not convinced that Officer Brown effected a "pretext arrest". See *Hooper v.* *State,* 533 S.W.2d 762, 767 (Tex.Cr.App. 1975). Cf. *Hampton v. State,* 511 S.W.2d 1, 3 (Tex.Cr.App.1974). Nor was appellant stopped in connection with a traffic violation, as considered in *Wood v. State,* 515 S.W.2d 300, 306 (Tex.Cr.App.1974), or *Borner v. State,* 521 S.W.2d 852, 854 (Tex.Cr. App.1975). See also, *Greer v. State,* 544 S.W.2d 125, 127 (Tex.Cr.App.1976).

Appellant had violated no traffic law, as in *Borner,* supra (traveling 78 miles per hour in a 70-mile zone); nor had he run a stop sign, as in *Wood,* supra; nor had he driven strangely as in *Greer,* supra.

■ Under the facts related by Officer Brown, he was not authorized to make an investigatory stop of appellant. See *Mann v. State,* 525 S.W.2d 174, 176 (Tex.Cr.App. 1975). Appellant committed no crime in Brown's presence and Brown had no knowledge that appellant had committed a crime. Under these circumstances, this language found in *Leighton v. State,* 544 S.W.2d 394 (Tex.Cr.App.1976), is applicable:

"The inarticulate hunch, suspicion or good faith of an arresting officer is insufficient to constitute probable cause for an arrest, search or temporary detention."

See also, *Brown v. State,* 481 S.W.2d 106, 110 (Tex.Cr.App.1972); *Hall v. State,* 488 S.W.2d 788, 789 (Tex.Cr.App.1973).

We say, as was said in *Leighton v. State,* supra:

"The record does not reveal specific and articulable facts and circumstances such as to justify Officer Bruce's [Brown's] initial stop of appellant's vehicle. The trial court erred in permitting Officer Bruce [Brown] to testify as to what he observed after he detained appellant."

The judgment is reversed and the cause is remanded.

Approved by the Court.