IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1322-04






JEFFREY TORRES, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


WHARTON COUNTY





 Johnson, J. delivered the opinion of the Court, in which Price, Womack,
Keasler, Hervey and Cochran, JJ., joined. Meyers, J., filed a dissenting opinion.
Holcomb, J., filed a dissenting opinion, in which Keller, P.J., joined. 


O P I N I O N 





 In the early morning hours of October 5, 2000, appellant drove his vehicle off the road and
into the porch of a house located in rural Wharton County. After the accident, Department of Public
Safety (DPS) Trooper William Sulak arrested appellant for driving while intoxicated (DWI) in
violation of Tex. Penal Code § 49.04. After his motion to suppress evidence was denied, appellant
plead guilty pursuant to a plea agreement, and the trial court sentenced him to 180 days in jail,
probated for one year. Appellant appealed, asserting that the trial court had erroneously denied his
motion to suppress evidence. Appellant argued that his custodial interrogation violated both the
Fifth Amendment of the United States Constitution and Tex. Code Crim. Proc. art. 38.22 and that
probable cause sufficient to justify his warrantless arrest for DWI did not exist. 

 The court of appeals, relying on Berkemer v. McCarty, 468 U.S. 420, 438-39 (1984), found
that appellant's responses to Trooper Sulak's initial questions were admissible because appellant was
not in custody for Miranda purposes and that Trooper Sulak had failed to articulate sufficient facts
to support probable cause to arrest appellant. Woodward v. State, 668 S.W.2d 337, 345 (Tex. Crim.
App. 1982). The court of appeals reversed the judgment and sentence and remanded the cause to
the trial court. Torres v. State, 2004 Tex. App. LEXIS 5351, No. 13-02-070-CR (Tex. App.- Corpus
Christi [13th Dist.], delivered June 17, 2004, unpublished). The state petitioned for discretionary
review, contending in its sole ground for review (1) that the court of appeals erred in concluding that
Trooper Sulak lacked the probable cause necessary to arrest appellant. We affirm the judgment of
the court of appeals.

 The record from the suppression hearing indicates that Trooper Sulak was awakened at 2:38
a.m. to investigate the accident in which appellant was involved. Although two county sheriff's
deputies were first on the scene, DPS investigates all accidents in rural areas in Wharton County. 
Trooper Sulak arrived at 3:07 a.m. and noted that appellant's vehicle had left the public roadway and
traveled approximately 150 feet before crashing into the porch. The two sheriff's deputies told
Trooper Sulak only that they believed that appellant was intoxicated. Trooper Sulak spoke to the
homeowners and questioned appellant, who explained that he was unfamiliar with the road and had
made a wrong turn. Trooper Sulak did not ask appellant if he had been drinking nor did he
administer any field sobriety tests to confirm or dispel the deputies' suspicions, even though he was
certified to administer such tests. Trooper Sulak simply arrested appellant and took him to the
hospital after he noticed that appellant was favoring one arm. Appellant was treated at the hospital
for a broken arm and a cracked rib and was then transported to the sheriff's office for a breath test,
which appellant refused. 

 Generally, a warrantless arrest is, pursuant to the Fourth Amendment, unreasonable per se
unless the arrest fits into one of a "few specifically defined and well delineated exceptions."
Minnesota v. Dickerson, 508 U.S. 366, 372 (1993). A police officer may arrest an individual without
a warrant only if probable cause exists with respect to the individual in question and the arrest falls
within one of the exceptions set out in Tex. Code Crim. Proc. art. 14.01-14.04. Lunde v. State, 736
S.W.2d 665, 666 (1987). (2) In Castillo v. State, 818 S.W.2d 803 (Tex. Crim. App. 1991), we said that
probable cause for a warrantless arrest exists when facts and circumstances within the officer's
knowledge and about which he or she has reasonably trustworthy information are sufficient to
warrant a person of reasonable caution to believe that an offense was or is being committed. Id. at
805 n.4 (emphasis added). However, a probable-cause standard which requires an officer to have 
both personal knowledge and facts or circumstances about which the officer has trustworthy
information is unreasonable. This Court has previously held in separate cases that a warrantless
arrest is permitted by Texas Code Crim. Proc. 14.01(b) if officers possess personal knowledge (3) and
if they have information from reasonably trustworthy sources that an offense was or is being
committed. (4) Because Castillo may be interpreted to require both personal knowledge and
trustworthy information, we overrule it and its progeny only to the extent that it requires both kinds
of information to support probable cause. 

 A trial judge is the sole trier of fact at a suppression hearing and thus evaluates witness
testimony and credibility. Maxwell v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002)(citing
Allridge v. State, 850 S.W.2d 471, 493 (Tex. Crim. App. 1991)). When we review a trial court's
ruling on a motion to suppress, we give great deference to the trial court's determination of historical
facts while reviewing the court's application of the law de novo. Maxwell, 73 S.W.3d at 281 (citing
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000)). The appellate court must view
the evidence in a light most favorable to the trial court's ruling when the trial court does not file any
findings of fact. Id. When, as here, no such findings of fact were made, the appellate court will
assume that the trial court made implicit findings of fact that support its ruling, as long as the
findings are supported by the record. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). 
 The initial burden of proof on a motion to suppress evidence on the basis of a Fourth
Amendment violation rests with the defendant. Russell v. State, 717 S.W.2d 7, 9 (Tex. Crim. App.
1986)(citing Mattei v. State, 455 S.W.2d 761, 765-66 (Tex. Crim. App. 1970)). The defendant meets
this burden by demonstrating that the search occurred without a warrant. Id. Thereafter, the burden
shifts to the state to prove the reasonableness of the warrantless search. Id. at 10 (citing LaLande
v. State, 676 S.W.2d 115, 116 (Tex. Crim. App. 1984)). The state may satisfy this burden by
showing that one of the statutory exceptions to the warrant requirement is met. McGee, 105 S.W.3d
at 613. An unarticulated "hunch," a suspicion, or the good faith of the arresting officer is insufficient
to support probable cause to justify a warrantless arrest. McDougald v. State, 547 S.W.2d 40, 42
(Tex. Crim. App. 1977). The "totality of the circumstances" test applies in Texas for determining
probable cause for a warrantless search. Amores v. State, 816 S.W.2d 407, 413 (Tex. Crim. App.
1991)(citing Eisenhauer v. State, 754 S.W.2d 159, 164 (Tex. Crim. App. 1988)).

 After reviewing de novo the determination of probable cause for a warrantless search and
seizure in this case, we conclude that, given the totality of the circumstances, the state failed to carry
its burden to justify the warrantless arrest of appellant. Probable cause for a warrantless arrest
requires that the officer have a reasonable belief that, based on facts and circumstances within the
officer's personal knowledge, McGee at 614, or of which the officer has reasonably trustworthy
information, an offense has been committed, Brother at 257-58. The state argues that this Court
must examine the cumulative information known by the arresting officers in determining whether
probable cause existed for the arrest. Although the state correctly cites this proposition of law, it
overlooks the requirement that probable cause must be based on facts, not opinions. See Ford v.
State, 158 S.W.3d 488, 493-94 (Tex. Crim. App. 2005)("Mere opinions are ineffective substitutes
for specific, articulable facts . . ..").

 The evidence in this case indicates that facts establishing probable cause to arrest appellant 
were not shown. The arrest was based on opinions expressed to Trooper Sulak by the county
sheriff's deputies who were at the scene. The deputies' unexplained opinions about whether
appellant was intoxicated did not give Trooper Sulak personal knowledge of, or reliable information
about, facts or circumstances sufficient to justify appellant's arrest. Id. at 494 ("It is true that law
enforcement training or experience may factor into a reasonable-suspicion analysis. . . . But reliance
on this special training is insufficient to establish reasonable suspicion absent objective factual
support."). The sheriff's deputies did not articulate supporting facts upon which their opinions were
based. Rather, the deputies merely asserted that appellant appeared to them to be intoxicated. The
deputies did not testify at the suppression hearing and, therefore, we would have to speculate about
what information (e.g., appellant's physical appearance, behavior, responses to questions, etc.) led
the deputies to this conclusion. 

 Trooper Sulak also lacked any personal knowledge about the accident or the circumstances
surrounding it. He did not testify that he asked appellant whether he had been drinking or that he
had administered any field sobriety tests to confirm the sheriff's deputies' suspicions, nor did he
testify that he smelled the odor of alcoholic beverages on appellant's breath or that he observed
common signs of intoxication such as slurred speech or problems with balance. The only question
posed by Trooper Sulak to appellant was to inquire how the accident occurred, and appellant
responded that he was unfamiliar with the road and had made a wrong turn. (5) This one question and
answer is insufficient to show probable cause to believe that appellant was intoxicated.

 The state also argues that, according to State v. Marquez, 725 S.W.2d 217 (Tex. Crim. App.
1987), the probable-cause requirement is met here because police officers are inherently reliable. 
However, opinions, even those of police officers, cannot be transformed into facts without
supporting evidence. 

 The probable-cause requirement is grounded on a factual examination of the totality of the
circumstances. In Marquez, the presumption of reliability was based on the facts stated in probable-
cause affidavits, not the bare conclusions and opinions of police officers. Marquez, 725 S.W.2d at
233. We recognize that, generally, police officers are a reliable source of information. However,
Marquez should not be interpreted to mean that the opinions of police officers are reliable even if
those opinions are expressed without articulation of supporting facts and circumstances. Considering
the facts and circumstances that were known personally to Trooper Sulak or which had been
conveyed to him by reasonably trustworthy sources, probable cause to arrest appellant did not exist.

 We affirm the judgment of the court of appeals.


 Johnson, J.


En banc

Delivered: December 7, 2005

Publish 
1. "Whether the court of appeals erroneously ruled that an officer did not have probable cause to arrest a
defendant who had crashed his car onto the front porch of a residence at an early morning hour when two other
officers, who had personally observed the defendant at the scene, informed the arresting officer that, in their
opinions, the defendant was intoxicated." 
2. Tex. Code Crim. Proc. arts. 14.01-14.04 delineates the limited circumstances in which a police officer
may effect a warrantless arrest. These circumstances include public intoxication, commission of an offense within
view of a police officer or magistrate, and commission of a felony offense upon representation of a credible person.
3. McGee v. State, 105 S.W.3d 609, 614 (Tex. Crim. App. 2003)
4. Brother v. State, 166 S.W.3d 255, 257-58 (Tex. Crim. App. 2005). 
5. At the time of the suppression hearing, Trooper Sulak was retired and had no independent recollection of
the incident. His field notes had been lost. His official report, written "probably about a week" after the event,
reflected that he had also asked appellant where appellant had been coming from and that appellant had answered
that he had come from "Lucky's." The record does not include information about "Lucky's."