

NUMBER 13-12-00234-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS,                                                   Appellant,

v.

WILLIAM STRICKLAND,                                                   Appellee.

On appeal from the County Court at Law No. 4
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Garza, Benavides and Perkes
Memorandum Opinion by Justice Benavides**

By one issue, the State appeals the trial court's granting of appellee William

Strickland's pre-trial motion to suppress.    We affirm.

### I.    BACKGROUND

In the late afternoon of December 10, 2011, Corpus Christi Police Officer Josie

Ressler received a "be on the lookout" ("BOLO") alert over her police radio for a maroon vehicle. At the suppression hearing, the State attempted to elicit more details from Officer Ressler about the BOLO, but Strickland objected to the proposed testimony on hearsay grounds. The trial court agreed, sustained Strickland's objection, and did not allow any more testimony about the BOLO. Officer Ressler was dispatched later that day to a Stripes convenience store in Corpus Christi, Texas where a maroon vehicle, with its back tire completely blown out, was parked. Officer Ressler approached the vehicle and observed Strickland sitting in the driver's seat. Officer Ressler asked Strickland if he had been drinking, and Strickland responded in the affirmative. Officer Ressler then "pulled [Strickland] out of the vehicle, patted him down for weapons, and . . . secured him in [her] unit." According to Officer Ressler, Strickland "didn't talk much," but when he did, "his speech was slurred [and] his eyes . . . were red, bloodshot." The officer also stated that once outside the vehicle, Strickland "was very unsteady on his feet."

Officer Ressler then called another officer to the scene. The backup officer arrived, administered field sobriety tests to Strickland, and eventually placed him under arrest. Strickland was later charged by information with driving while intoxicated, a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 49.04 (West 2011).

On February 2, 2012, Strickland filed a motion to suppress all evidence related to his arrest. Strickland complained that his arrest was illegal due to the absence of a lawful warrant. Strickland further argued that Officer Ressler lacked sufficient probable cause to compensate for the lack of a warrant. The trial court agreed, granted Strickland's motion, and issued its findings of fact, inter alia, that "no evidence [was]

2

presented [which shows] that [Strickland] was driving or exercising any control over a motor vehicle," and conclusions of law, inter alia, that the State "failed to prove probable cause for a lawful arrest." This appeal followed. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West Supp. 2011).

## II. MOTION TO SUPPRESS

By one issue, with multiple sub-issues, the State contends that the trial court erred by granting Strickland's pre-trial motion to suppress.

### A. Standard of Review

A trial court's ruling on a motion to suppress evidence is reviewed on appeal under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). We must give "almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor." *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (en banc). Additionally, we should afford the same amount of deference to a trial court's rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.* We review de novo mixed questions of law and fact that do not depend on credibility and demeanor. *Amador*, 221 S.W.3d at 673.

### B. Discussion

#### 1. Nature of Strickland's Motion

The State first argues that Strickland's motion to suppress was really based upon Strickland's temporary detention and not an illegal arrest. As a result, the State asserts

3

that our review should focus on whether Officer Ressler had reasonable suspicion to act. We disagree. The record expressly shows that Strickland was arrested and charged with the offense of driving while intoxicated, *see* TEX. PENAL CODE ANN. § 49.04, on December 10, 2011. Furthermore, the record of the suppression hearing reveals that the parties understood that the basis of Strickland's motion to suppress regarded his arrest and not his detention by Officer Ressler:

| | |
|---|---|
| [DEFENSE COUNSEL]: | Judge, it's a motion to suppress the arrest. |
| [TRIAL COURT]: | All right. |
| [DEFENSE COUNSEL]: | There was no—there was no warrant issued by any magistrate to obtain this arrest; therefore, the burden is on the State to show that they had some legal reason to do it. |
| [TRIAL COURT]: | That's right. |
| [DEFENSE COUNSEL]: | So we would ask the Court to indulge us in that issue. |
| [TRIAL COURT]: | The burden has shifted to you, son. |
| [THE STATE]: | State calls Officer Ressler to the stand, Your Honor. |

When a defendant seeks to suppress evidence on the basis of an illegal arrest, the initial burden of proof is placed on the defendant to rebut the presumption of proper conduct. *Young v. State*, 283 S.W.3d 854, 872 (Tex. Crim. App. 2009) (citing *McGee v. State*, 105 S.W.3d 609, 613 (Tex. Crim. App. 2003)). The defendant may satisfy this burden by establishing that he was arrested without a warrant. *Young*, 283 S.W.3d at 872. Once this is shown, the burden shifts to the State to either produce evidence of a

4

warrant or prove the reasonableness of the arrest. *Id.*

Strickland represented to the trial court that no warrant was issued prior to his arrest. Moreover, Officer Ressler admitted that she did not obtain a warrant to arrest Strickland. Therefore, we conclude that the trial court did not err in finding that Strickland's motion to suppress was on the basis of an illegal arrest and that the burden shifted to the State to prove the reasonableness of the arrest. *See Young*, 283 S.W.3d at 872.

### 2. Dispatch Reports

Next, the State argues that the trial court erred by not allowing the State to elicit testimony from Officer Ressler about the content of the BOLO alert by sustaining Strickland's hearsay objection. When a trial court's ruling excluding testimony is challenged on appeal, a party should properly preserve error by making a complete record for review. *See Moosavi v. State*, 711 S.W.2d 53, 54 (Tex. Crim. App. 1986) (en banc). One method is by making an informal bill as an offer of proof, if it includes a concise statement of counsel's belief of what the testimony would show. *See Love v. State*, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993) (en banc).

The record shows that the State never requested nor made an offer of proof. The State argues, however, that the trial court did not allow the State to make an offer of proof and that the State's prosecutor was "under the direction of the trial court." We disagree. While it is true that the trial court did not allow the State's prosecutor to respond immediately to his hearsay ruling, nothing in the record shows that the State requested that the trial court allow it to make an offer of proof about the dispatch report's contents. As a result, the State failed to preserve any issue regarding the trial court's

5

evidentiary ruling. *See Mercado*, 972 S.W.2d at 78.

### 3. Invited Error

Next, the State argues that through the doctrine of invited error, Strickland is estopped from complaining that the State did not have reasonable suspicion to detain him because due to defense counsel's purported erroneous hearsay objection, the State was unable to prove the legality of Strickland's detention or arrest. The doctrine of invited error applies where a party claiming error also seeks to base a claim for relief on the very error the party created. If a party affirmatively seeks action by the trial court, that party cannot later contend that the action was error. *Druery v. State*, 225 S.W.3d 491, 505–06 (Tex. Crim. App. 2007). Just as the law of entrapment estops the State from making an offense of conduct that it induced, the law of invited error estops a party from making an appellate error of an action it induced. *Prystash v. State*, 3 S.W.3d 522, 532 (Tex. Crim. App. 1999). Strickland does not bring forth appellate error in this case. Therefore, the doctrine does not apply.[1]

### 4. Probable Cause

Finally, the State argues that its failure to prove that Strickland was driving the vehicle cannot support the trial court's granting of the motion to suppress. Again, we disagree. The trial court found that "no evidence [was] presented [which shows] that [Strickland] was driving or exercising any control over a motor vehicle." Consequently, the trial court concluded that the State "failed to prove probable cause for a lawful arrest."

Generally, a warrantless arrest is, pursuant to the Fourth Amendment,

---

[1] Had the trial court ruled the same way on Strickland's hearsay motion, but denied Strickland's motion to suppress, and in turn, Strickland chose to appeal the denial of the motion to suppress on grounds that the State failed to prove the legality of his detention, arrest, or search, then the doctrine of invited error would apply. *See Vennus v. State*, 282 S.W.3d 70, 72–73 (Tex. Crim. App. 2009).

unreasonable *per se* unless the arrest fits into one of a few specifically defined and well delineated exceptions. *Torres v. State*, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005) (en banc) (citing *Minnesota v. Dickerson*, 508 U.S. 366, 372 (1993)). Thus, a police officer may arrest an individual without a warrant only if probable cause exists with respect to the individual in question and the arrest falls within one of the exceptions set out in the code of criminal procedure. *Torres*, 182 S.W.3d at 901; *see* TEX. CODE CRIM. PROC. ANN. art. 14.01–.04 (West 2005). One such exception to the general rule against warrantless arrests is if the offense is committed in the presence of or within the view of a peace officer. *See* TEX. CODE CRIM. PROC. ANN. art. 14.01(b). Under this exception, probable cause exists when facts and circumstances within the officer's knowledge or about which he or she has reasonably trustworthy information are sufficient to warrant a person of reasonable caution to believe that an offense was or is being committed. *Torres*, 182 S.W.3d at 901–02 (holding that both personal knowledge and trustworthy information are not required to support probable cause). The totality of the circumstances test applies in Texas for determining probable cause for a warrantless arrest. *Amores v. State*, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991) (en banc). An unarticulated "hunch," a suspicion, or the good faith of the arresting officer is insufficient to support probable cause to justify a warrantless arrest. *Torres*, 182 S.W.3d at 902 (citing *McDougald v. State*, 547 S.W.2d 40, 42 (Tex. Crim. App. 1977)).

After our de novo review of the trial court's determination of probable cause, based on the totality of the circumstances, we conclude that the State did not carry its burden to justify the warrantless arrest. The trial court found that Officer Ressler did not conduct an investigation into Strickland's intoxication and that no evidence was

7

presented that Strickland was driving the car.[2]  A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place.  TEX. PENAL CODE ANN. § 49.04(a).  A defendant "operates" a vehicle when the totality of the circumstances demonstrates that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use.  *Kirsch v. State*, 357 S.W.3d 645, 650–51 (Tex. Crim. App. 2012).

The State relies on the following evidence to advance its argument that sufficient probable cause existed to justify Strickland's warrantless arrest, namely:  (1) Strickland was found in the driver's seat of a maroon vehicle; (2) Strickland appeared intoxicated; (3) the vehicle's tire was blown out to the point that the rim was exposed; and (4) the car's engine and hood were warm to the touch.  This is insufficient because, even looking at the totality of the circumstances, Officer Ressler lacked personal knowledge about whether Strickland drove the vehicle.  *See Torres*, 182 S.W.3d at 902.

Officer Ressler did not: (1) witness Strickland operate the vehicle; (2) question Strickland about: whether he had operated the vehicle, whether anyone else had operated the vehicle, the circumstances surrounding how the tire blew out, or whether he consumed alcohol prior to arriving at the Stripes store; nor (3) investigate: how, or under what circumstances, he arrived at the Stripes store, or how long the vehicle had been immobile.  These facts, if developed, may have given Officer Ressler enough personal knowledge to establish probable cause that Strickland operated the vehicle.  However,

---

[2] The State appeared to concede this point at the suppression hearing as illustrated by the following exchange during the suppression hearing, after Officer Ressler testified:

THE COURT:          Do you have any proof that he was driving?

[STATE]:          Not today, Your Honor.

based on the totality of the circumstances of the record before us, we conclude that the State did not meet its burden to establish probable cause to justify Strickland's warrantless arrest. *See generally Torres*, 182 S.W.3d at 903. The State's sole issue is overruled.

### III. CONCLUSION

We affirm the trial court's granting of Strickland's motion to suppress.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
25th day of July, 2013.