

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-0324-17

### THE STATE OF TEXAS

**v.**

### ROGER ANTHONY MARTINEZ, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE THIRTEENTH COURT OF APPEALS VICTORIA COUNTY

WALKER, J., delivered the opinion for a unanimous Court. YEARY, J., filed a concurring opinion. NEWELL, J., filed a concurring opinion, in which KELLER, P.J., and HERVEY and RICHARDSON, JJ., joined.

## O P I N I O N

Appellee, Roger Anthony Martinez, filed a motion to suppress challenging the legality of his arrest for public intoxication. The motion was granted by the trial court, and the court of appeals affirmed. Because there was probable cause to arrest Appellee for public intoxication, we reverse the judgment of the court of appeals and remand the case to that court for further proceedings.

### I — The Motion to Suppress

After Appellee was arrested for public intoxication without a warrant, he filed a motion to suppress. As we stated over thirty years ago in *Russell v. State*:

> When a defendant seeks to suppress evidence on the basis of a Fourth Amendment violation, this Court has placed the burden of proof initially upon the defendant. As the movant in a motion to suppress evidence, a defendant must produce evidence that defeats the presumption of proper police conduct and therefore shifts the burden of proof to the State. A defendant meets his initial burden of proof by establishing that a search or seizure occurred without a warrant.
>
> Once a defendant has established 1) that a search or seizure occurred and 2) that no warrant was obtained, the burden of proof shifts to the State. If the State produces evidence of a warrant, the burden of proof is shifted back to the defendant to show the invalidity of the warrant. If the State is unable to produce evidence of a warrant, then it must prove the reasonableness of the search or seizure.

*Russell v. State*, 717 S.W.2d 7, 9–10 (Tex. Crim. App. 1986) (citations omitted), *disavowed on other grounds by Handy v. State*, 189 S.W.3d 296, 299 n.2 (Tex. Crim. App. 2006).

In the case before us, it was undisputed that Appellee was arrested without a warrant. Indeed, at the beginning of the hearing on the motion to suppress, the State readily acknowledged that it had the burden.[1] Thus, the burden shifted to the State to prove that the arrest fell within an exception to the warrant requirement. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005); *Russell*, 717 S.W.2d at 9.

To satisfy its burden, the State tried to show that Appellee was committing the offense of

---

[1] After the parties announced ready and before opening statements, the following exchange occurred:

THE COURT:        Is this a warrant case?
[Defense Counsel] MR. HATLEY:    It is not.
THE COURT:        The State has the burden?
[Prosecutor] MR. GUY:      Yes, your Honor.

Rep. R. vol. 1, 6.

public intoxication, apparently relying upon the exception for offenses committed in the presence of the police. *See* Tex. Code Crim. Proc. Ann. art. 14.01(b) ("A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view."). The State presented the testimony of Officers Guerrero and Ramirez that they saw facts constituting the offense of public intoxication: that Appellee was in a public place, that Appellee was intoxicated, and that Appellee posed a danger to himself or others.

Toward the end of the State's closing argument, the trial court interrupted, disagreeing with the State's reference to the "arresting officers."[2] Next, during Appellee's closing argument, counsel continued on that front and began by focusing on the fact that Officer Quinn, who physically arrested Appellee, did not testify. Defense counsel argued that Appellee's right to confront his accusers was being violated. Defense counsel also contended that the State failed to show that Appellee was a danger to himself or others.

As the State was about to begin its rebuttal argument, the trial court asked whether Officer Quinn would testify at trial. The trial court also asked the State to again confirm that only Officer

---

[2] The State's closing argument ended as follows:

[Prosecutor] MR. GUY:    In the condition he was in, with the belligerence he was exhibiting, with the refusal to comply with instructions he was showing, with his confrontational attitude to the arresting officers, that, coupled with him being in a public –

THE COURT:    But it's arresting officer, right?
It's not arresting officers. It's arresting officer.
One officer arrested him, right?

MR. GUY:    Yes, sir; but the other officers were present. They witnessed the arrest. So they saw that there was no misconduct, nothing inappropriate. They saw that – and established all the facts supported the legitimacy of that arrest and that it was a proper arrest decision.

Rep. R. vol. 1, 46–47.

Quinn arrested Appellee.

After closing arguments, the trial court quoted from article 14.01(b) of the Code of Criminal Procedure; informed the parties that it looked at cases discussing article 14.01(b);[3] and concluded that article 14.01(b) appeared to be limited to the officer who made the arrest, Officer Quinn. Because the trial court believed there was no evidence showing whether Officer Quinn had knowledge of sufficient facts to constitute probable cause, the trial court granted Appellee's motion to suppress.

On appeal, the Thirteenth Court of Appeals affirmed the trial court's ruling due to a lack of direct evidence about Officer Quinn's observations of Appellee's intoxication or what, if anything, the testifying officers, Guerrero and Ramirez, told Quinn about their own observations of Appellee's intoxication. *State v. Martinez*, No. 13-15-00069-CR, 2015 WL 5797604 at *5 (Tex. App.—Corpus Christi–Edinburg Oct. 1, 2015) (mem. op., not designated for publication) (*Martinez I*), *vacated*, No. PD-1337-15, 2016 WL 723085 (Tex. Crim. App. Dec. 14, 2016) (plurality op.) (not designated for publication) (*Martinez II*). We vacated the judgment of the court of appeals and remanded to that court because probable cause can be shown by circumstantial as well as direct evidence, and a

---

[3] Specifically:

THE COURT:    The Court has also looked at cases discussing this provision, one of those being WARD V. STATE, 364 SW.2d 709. It's an old case. It's still the law.

It talks about public intoxication. However, it talks specifically about the officer arresting an individual for an offense committed in his presence or within his view. So it appears to limit that to the actual officer who arrested Mr. Martinez.

Rep. R. vol. 1, 54. We have not been able to determine to which case the trial court referred. The provided citation actually refers to a page in the middle of *Am. Cooperage Co. v. Clemons*, 364 S.W.2d 705, 709 (Tex. Civ. App.—Fort Worth 1963, writ ref'd n.r.e.), a case dealing with the assumption of the risk defense in negligence cases.

finding of probable cause did not necessarily depend on direct evidence about Officer Quinn's observations or what the testifying officers told him about their observations of Appellee's intoxication. *Martinez II*, 2016 WL 7234085 at \*6, \*8. We instructed the court of appeals to abate the appeal for supplemental findings from the trial court. *Id.* at \*8.

The trial court, accordingly, made those supplemental findings, and it concluded, again, that Officer Quinn did not have probable cause to arrest Appellee for public intoxication. The court of appeals affirmed. *State v. Martinez*, No. 13-15-00069-CR, 2017 WL 2200298 (Tex. App.—Corpus Christi–Edinburg Mar. 16, 2017, pet. granted) (mem. op., not designated for publication) (*Martinez III*). The State filed another petition for discretionary review, and we granted review on both grounds:

> 1. The Court of Appeals erroneously decided an important question of state law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals, by finding that the knowledge of supporting officers cannot be used to establish probable cause.

> 2. The Court of Appeals failed to conduct the required *de novo* review of whether the evidence known to Officer Quinn was sufficient to establish probable cause and that failure constitutes a departure from the accepted and usual course of judicial proceedings that calls for an exercise of the Court of Criminal Appeals' power of supervision.

We conclude that consideration of the first ground resolves the probable cause question. Under the facts of this case, Officer Quinn's knowledge is not determinative. Whatever his knowledge of the facts may have been, that information, in combination with the knowledge of Officers Guerrero and Ramirez, showed probable cause to arrest Appellee for public intoxication.

## II — Probable Cause Can Be Established Without Officer Quinn

In support of the first ground for review, the State argues that the "collective knowledge"

doctrine applies in this case, and the knowledge of both Officers Guerrero and Ramirez should be added to the knowledge of Officer Quinn (which is unknown). The State contends that the sum total of the knowledge of all three officers would add up to probable cause, and the arrest should be upheld. Appellee's initial response is that the applicability of the collective knowledge doctrine is not before the Court, because it was not explicitly part of our prior opinion remanding this matter to the court of appeals. Appellee points out that our opinion on first submission faulted the lower courts for failing to consider whether circumstantial evidence of Officer Quinn's knowledge could amount to probable cause, and we remanded "for supplemental findings of fact and conclusions of law consistent with this opinion." *Martinez II*, 2016 WL 7234085 at *8. While it is true that our opinion, remanding this case to the court of appeals, did not direct that court to address the collective knowledge issue, the State nevertheless raised it as an issue on remand, and the court of appeals considered and rejected the State's argument. *See Martinez III*, 2017 WL 2200298 at *5 (rejecting the State's collective knowledge argument, which at that time relied upon *Willis* and *Astran*).[4] Additionally, in its current petition for discretionary review, the State's argument in favor of review on the first ground asserted that the court of appeals erred by failing to take into account the collective knowledge doctrine. State's Pet. for Discretionary Review at 21–23. That first ground was granted review by this Court, and, even though it was not part of our prior opinion remanding this case, the issue has been addressed by the court of appeals, is before us now, and should be addressed.

In *Woodward v. State*, we held "that when there has been some cooperation between law enforcement agencies or between members of the same agency, the sum of the information known

---

[4] *See Willis v. State*, 669 S.W.2d 728, 730–31 (Tex. Crim. App. 1984); *Astran v. State*, 799 S.W.2d 761, 764 (Tex. Crim. App. 1990) (both upholding arrest where arresting officer relied upon another officer he was participating with who viewed the offense).

to the cooperating agencies or officers at the time of an arrest or search by any of the officers involved is to be considered in determining whether there was sufficient probable cause therefor." *Woodward v. State*, 668 S.W.2d 337, 344 (Tex. Crim. App. 1984) (op. on reh'g). In other words, under this "collective knowledge" doctrine, when several officers are cooperating, their cumulative information may be considered in assessing reasonable suspicion or probable cause. *State v. Duran*, 396 S.W.3d 563, 569 n.12 (Tex. Crim. App. 2013); *see also Illinois v. Andreas*, 463 U.S. 765, 771–72 n.5 (1983) ("where law enforcement authorities are cooperating in an investigation, . . . the knowledge of one is presumed shared by all"). The State argues that the collective knowledge doctrine applies in this case because the arresting officer, Officer Quinn, is clearly cooperating with Officers Guerrero and Ramirez.

Appellee argues that communication is key to the collective knowledge doctrine, and, because there is no evidence that either Officer Guerrero or Officer Ramirez communicated with Officer Quinn before the arrest, the doctrine cannot be applied in this case. In support of this argument, Appellee points out the fact that the collective knowledge cases cited by the State all involved some level of communication. Specifically, Appellee notes that in *Pyles v. State*, the officer who made the warrantless arrest was aware that a sheriff's deputy had been murdered in the area where he found the defendant. *Pyles v. State*, 755 S.W.2d 98, 109–10 (Tex. Crim. App. 1988). Similarly, the officer who made the investigative detention in *Derichsweiler v. State* was relying upon a 9-1-1 dispatcher. *Derichsweiler v. State*, 348 S.W.3d 906, 915 (Tex. Crim. App. 2011). Finally, Appellee is correct that the warrantless arrests in *Willis* and *Astran* were upheld because the undercover officers in those cases relayed information to the arresting officers. *Willis v. State*, 669 S.W.2d 728, 730–31 (Tex. Crim. App. 1984); *Astran v. State*, 799 S.W.2d 761, 764 (Tex. Crim.

App. 1990). Appellee also quotes *United States v. Ortiz*, in which the Fifth Circuit Court of Appeals stated: "'Under the collective knowledge doctrine, it is not necessary for the arresting officer to know all of the facts amounting to probable cause, as long as there is some degree of communication between the arresting officer and an officer who has knowledge of all the necessary facts.'" *United States v. Ortiz*, 781 F.3d 221, 228 (5th Cir. 2015) (quoting *United States v. Ibarra*, 493 F.3d 526, 530 (5th Cir. 2007)).

The State argues that communication is not a necessary requirement of the collective knowledge doctrine. Instead, communication serves to prove cooperation between the officers, which is the true cornerstone of the doctrine. If cooperation is proven in some other way, the collective knowledge doctrine can be applied without affirmative evidence showing communication. Appellee criticizes this approach as endorsing a "hive thinking" standard.

Although Appellee poses legitimate concerns about an overly broad expansion of the collective knowledge doctrine, the State's argument in the case before us does not ask us to go to the outer limits of that rule. Applying it in this case does not go so far as authorizing use of the doctrine in other cases in which officers are not even in the same place at the same time and have relatively little communication. In this case, all of the officers were responding to the same call, all were present at the scene, all had some degree of communication with Appellee, and all were present at the time of the arrest. Therefore, it is apparent that Officer Quinn was cooperating with Officers Guerrero and Ramirez, and all of the officers present were working as a team responding to the call. We hold that evidence of communication between officers is not always a necessary requirement to apply the collective knowledge doctrine. Under the facts of this case, the sum of the information known to the cooperating officers—their cumulative information—should be considered in assessing

probable cause. *See Woodward*, 668 S.W.2d at 344; *Duran*, 396 S.W.3d at 569 n.12.

### III — There Was Probable Cause to Arrest

It is not disputed whether Officer Guerrero or Officer Ramirez had probable cause to arrest Appellee. However, before determining the cumulative knowledge of the three officers, we will briefly examine whether Officers Guerrero and Ramirez provided sufficient facts to show probable cause to arrest Appellee for public intoxication.

A police officer may arrest an individual without a warrant only if probable cause exists with respect to the individual in question, and the arrest falls within one of the exceptions set out in the Code of Criminal Procedure. *Torres v. State*, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005); *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002). Probable cause for a warrantless arrest under article 14.01(b) may be based on an officer's prior knowledge and personal observations, and an officer may rely on reasonably trustworthy information provided by another person in making the overall probable cause determination. *State v. Woodard*, 341 S.W.3d 404, 412 (Tex. Crim. App. 2011) (quoting *Beverly v. State*, 792 S.W.2d 103, 105 (Tex. Crim. App. 1990)). "Thus, all of the information to support probable cause does not have to be within an officer's personal knowledge." *Id.* "The ultimate question under Article 14.01(b) is 'whether at that moment the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrested person had committed or was committing an offense.'" *Id.* (quoting *Steelman*, 93 S.W.3d at 107).

A person commits public intoxication if he appears in a public place while intoxicated to the degree that he may endanger himself or another. TEX. PENAL CODE Ann. § 49.02(a). A public place means any place to which the public or a substantial group of the public has access. *Id.* § 1.07(40).

These places include, but are not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops. *Id.* As for the element of danger, it is sufficient that the person merely rendered himself or others subject to potential danger. *Dickey v. State*, 552 S.W.2d 467, 468 (Tex. Crim. App. 1977).

Here, there was evidence that Appellee was in a public place. Officer Guerrero testified that he was responding to a call about a possible fight in the parking lot of the G&G Lounge, a bar in Victoria.[5] He and the other officers met with Appellee in the back parking lot of the bar.[6] According to Officer Guerrero, the parking lot was in use.[7] Highway 185 ran directly in front of the bar, and on the other side of the bar is a local road where the parking lot is.[8] There were cars in the parking lot, and cars were free to go in and out.[9] Officer Ramirez also testified that the officers met with Appellee in the back parking lot of the G&G Lounge.[10] The parking lot was directly north of the bar, and although Officer Ramirez did not see any cars actively pulling in and out, there were cars in the parking lot.[11] The parking lot was approximately fifteen feet from the roadway.[12] As for the bar itself,

---

[5]  Rep. R. vol. 1, 9–10.

[6]  *Id.* at 10–11.

[7]  *Id.* at 17.

[8]  *Id.*

[9]  *Id.*

[10]  *Id.* at 27–28.

[11]  *Id.* at 31.

[12]  *Id.* at 31–32.

Officer Ramirez testified that the bar was not closed,[13] and we have held that a bar open to the public for business is a public place. *Loden v. State* 561 S.W.2d 2, 3 (Tex. Crim. App. [Panel Op.] 1978).

Next, there was evidence that Appellee was intoxicated. Officer Guerrero testified that Appellee appeared to be intoxicated.[14] Guerrero said that he could smell alcohol from Appellee's breath and that Appellee had trouble standing and was swaying.[15] Appellee's eyes were glassy, and his voice was slurred—both signs of intoxication.[16] His behavior was aggressive; he did not comply with instructions; and he was uncooperative.[17] Additionally, not only was there an odor of alcohol on Appellee's breath, the odor was also on his person.[18] Officer Ramirez also opined that Appellee appeared to be intoxicated.[19] Appellee had slurred speech, a swayed stance, and his eyes were red and glassy.[20] Officer Ramirez could smell the odor of alcohol emitting from Appellee's breath and person.[21] Appellee's behavior was "very aggressive and belligerent."[22] He would not cooperate with

---

[13] *Id.* at 34.

[14] Rep. R. vol. 1, 12.

[15] *Id.* at 12–13.

[16] *Id.* at 13.

[17] *Id.* at 13–14.

[18] *Id.* at 14.

[19] *Id.* at 29.

[20] *Id.*

[21] *Id.*

[22] *Id.*

the investigation, and he kept pacing and yelling.[23]

Finally, there was evidence that Appellee was intoxicated to the extent that he was a danger to himself or to others. In addition to Officer Guerrero's testimony that the parking lot was close to a road and a highway, there were cars in the parking lot, and cars were free to go in and out, Officer Guerrero opined that Appellee could not safely walk home in the condition that he was in.[24] According to Officer Ramirez, the parking lot was close to the roadway, which was in use.[25] The roadway, in turn, generally got very heavy traffic and connected to Highway 185.[26] Officer Ramirez submitted that the traffic could possibly be heavy, even at that particular time in the evening.[27] Finally, in Officer Ramirez's opinion, Appellee was not in any condition to drive or to walk home.[28] Based on the evidence then,[29] Appellee rendered himself subject to potential danger by being intoxicated in a parking lot of a public place, where it is reasonable to assume that cars would travel in and out. *See White v. State*, 714 S.W.2d 78, 79 (Tex. App.—San Antonio 1986, no pet.).[30] Indeed,

---

[23] *Id.*

[24] *Id.* at 25.

[25] *Id.* at 31.

[26] *Id.* at 32.

[27] *Id.*

[28] *Id.* at 32–33.

[29] Of course, much of the evidence showing danger overlapped with the evidence showing that the parking lot was a public place. This makes sense because: the parking lot was a public place; it was freely accessible for cars to come and go; and intoxication in such a place is inherently dangerous.

[30] Although this Court has not held that danger can be based upon an intoxicated person's presence in a public parking lot, the San Antonio Court of Appeals's *White* decision has been consistently relied upon to find danger in such circumstances. *See, e.g.*, *Holmes v. State*, 795 S.W.2d

Officer Ramirez explicitly stated that Appellee "could possibly pose a danger to himself and possibly others that close to an active roadway."[31] As we said in *Britton*, "when an officer is confronted with a person intoxicated in a public place, his determination as to probable danger that may befall the individual is not reviewed under the same standard used in a judicial determination of guilt." *Britton v. State*, 578 S.W.2d 685, 689 (Tex. Crim. App. 1979) (op. on reh'g).

The State met its burden to show that article 14.01(b)'s "offense committed in presence or view" exception to the warrant requirement applied. Sufficient facts show that Appellee was committing the offense of public intoxication in the presence of the officers. For Officers Guerrero and Ramirez, probable cause was clearly established; but, it was Officer Quinn who arrested Appellee. However, because all three officers were cooperating, even if there is no direct evidence regarding Officer Quinn's knowledge, his knowledge (whatever it was), in addition to the knowledge of Officers Guerrero and Ramirez (which clearly amounted to probable cause), totaled up to probable cause to arrest Appellee for public intoxication. The State met its burden to show an exception to the warrant requirement. Thus, the trial court should have denied Appellee's motion to suppress, and the court of appeals erred in failing to recognize this fact.

## IV — Conclusion

---

815, 817 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd) (danger shown where officer opined that defendant, in the parking lot of an apartment complex, might fall behind a vehicle and be run over or attempt to climb one of the stairs to the apartment buildings and fall off, and there was heavy traffic on the main street); *see also Patterson v. State*, No. 01-11-00054-CR, 2012 WL 682262 (Tex. App.—Houston [1st Dist.] Mar. 1, 2012, no pet.); *Garcia v. State*, No. 14-09-00662-CR, 2010 WL 1223139 (Tex. App.—Houston [14th Dist.] Mar. 30, 2010, no pet.); *Flores v. State*, No. 05-00-00521-CR, 2001 WL 1021094 (Tex. App.—Dallas Sept. 7, 2001, pet. ref'd) (proximity to street and parking lot).

[31] Rep. R. vol. 1, 33.

In conclusion, even if the State failed to prove that Officer Quinn personally had probable cause to arrest Appellee, and there was no evidence that he was directed to arrest Appellee, the sum total of the knowledge of Officers Guerrero, Ramirez, and Quinn amounted to probable cause. Appellee's motion to suppress should have been denied. The judgment of the court of appeals, upholding the trial court's grant of Appellee's motion to suppress, is reversed. Because resolution of the first ground leads to this conclusion, consideration of the second ground is not necessary to the final disposition of the case. *See* Tex. R. App. P. 47.1. The matter is remanded to the court of appeals for further proceedings.

Delivered: January 9, 2019
Publish