

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00763-CR

Alton Darrell **BROWN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CR-9276
Honorable Mark Luitjen, Judge Presiding[1]

Opinion by:   Irene Rios, Justice

Sitting:   Sandee Bryan Marion, Chief Justice
Patricia O. Alvarez, Justice
Irene Rios, Justice

Delivered and Filed: July 24, 2019

AFFIRMED

Alton Darrell Brown pled guilty to the offense of possession of a controlled substance after

the trial court denied his motion to suppress.  On appeal, Brown contends the trial court erred in

denying his motion because his arrest was not supported by probable cause.  We affirm the trial

court's judgment.

---

[1] The Honorable Frank J. Castro denied the motion to suppress.

**BACKGROUND**

The background facts are based on the trial court's findings of fact and conclusions of law which are supported by the reporter's record from the hearing on Brown's motion to suppress.

Detective Rusty Thompson received information from a credible and reliable informant that Brown was selling narcotics outside a convenience store. The informant told Detective Thompson that Brown had crack cocaine rolled up in his pants and was carrying a beer in a paper bag. Detective Thompson and two other detectives went to the location and set up a surveillance of Brown.

Brown was standing at the north end of a convenience store which sells alcohol for off-premise consumption. Detective Thompson had previously purchased a beer at the convenience store which was placed in a paper bag. Detective Thompson observed Brown drinking what he believed to be a beer in a paper bag and was aware that consuming alcohol on that premises was an offense.

Based on his observations, Detective Thompson instructed uniformed officers to arrest Brown for drinking alcohol on the premises of a retailer licensed to sell alcohol for off-premise consumption. As Officer Keturah Williams approached Brown, she saw he was holding an open can of beer, and Brown stated "something to the effect of, 'I'm wrong, I know I'm wrong. I have an open container.'" A video from Officer Williams's body camera was admitted into evidence, and Brown states he is wrong for having an open container. In the search incident to Brown's arrest, Officer Williams found a loaded pistol in Brown's waistband and some white powdery rocks in the legs of his pants which were later tested and found to be cocaine.

After his motion to suppress was denied, Brown pled guilty to the offense of possession of a controlled substance and was sentenced as a repeat offender to fourteen years' imprisonment.

**STANDARD OF REVIEW AND APPLICABLE LAW**

"Appellate courts review a trial court's ruling on a motion to suppress by using a bifurcated standard, giving almost total deference to the historical facts found by the trial court and analyzing *de novo* the trial court's application of the law." *State v. Le*, 463 S.W.3d 872, 876 (Tex. Crim. App. 2015). In this case, we apply a de novo review to decide whether the facts, as determined by the trial court, add up to probable cause. *State v. Ford*, 537 S.W.3d 19, 23 (Tex. Crim. App. 2017).

"A police officer may arrest an individual without a warrant only if probable cause exists with respect to the individual in question, and the arrest falls within one of the exceptions set out in the Code of Criminal Procedure." *State v. Martinez*, 569 S.W.3d 621, 628 (Tex. Crim. App. 2019). One of those exceptions permits a police officer to arrest an offender without a warrant for any offense committed in the officer's presence or within his view. TEX. CODE CRIM. PROC. ANN. art. 14.01(b); *see also* TEX. ALCO. BEV. CODE ANN. § 101.02 ("A peace officer may arrest without a warrant any person he observes violating any provision of this code.") "Probable cause for a warrantless arrest under article 14.01(b) may be based on an officer's prior knowledge and personal observations, and an officer may rely on reasonably trustworthy information provided by another person in making the overall probable cause determination." *Martinez*, 569 S.W.3d at 628. "The ultimate question under Article 14.01(b) is whether at that moment the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrested person had committed or was committing an offense." *Id.* (internal quotation omitted).

"A person commits an offense if the person knowingly consumes liquor or beer on the premises of a holder of a wine and beer retailer's off-premise permit or a retail dealer's off-premise license." TEX. ALCO. BEV. CODE ANN. § 101.72(a).

## DISCUSSION

In his brief, Brown asserts Detective Thompson did not have probable cause to arrest him because he "admitted to only having a hunch that [Brown] may have had a beer in his hand." In support of this assertion, Brown isolates a portion of Detective Thompson's testimony. When the testimony is viewed in its totality, however, it supports the trial court's conclusion that Officer Williams had probable cause to arrest Brown.

Detective Thompson testified the informant told him that Brown was carrying a beer in a paper bag. He also testified he previously had purchased a beer at the convenience store which was placed in a paper bag, and he never saw the convenience store place other types of drinks in a paper bag. Detective Thompson further testified he observed Brown standing on the convenience store's property drinking a beer out of a paper bag.

Officer Williams testified Brown had an open can of beer. In addition, as she approached Brown, Brown admitted he had an open container and acknowledged it was "wrong."

After reviewing the entirety of the testimony, we hold the trial court did not err in concluding Officer Williams had probable cause to arrest Brown. Accordingly, Brown's issue is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

Irene Rios, Justice

DO NOT PUBLISH