**Affirm and Opinion Filed December 4, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01362-CR

### THE STATE OF TEXAS, Appellant
### V.
### JOSHUA PATRICK SMITH, Appellee

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 18-30063-422-F**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Reichek, and Carlyle
Opinion by Justice Pedersen, III

The State appeals from the trial court's order granting appellee Joshua Patrick Smith's motion to suppress (a) contraband seized from a vehicle—in which he was a passenger—following a traffic stop and (b) his arrest following the seizure, and (c) his statements to police in connection with this case. Methamphetamine was located in the vehicle by a police dog brought to the scene. The State contends that appellee lacks standing to challenge the search of the vehicle and that the trial court abused its discretion by ruling that the dog's presence inside appellee's vehicle exceeded the scope of a lawful search.[1] We affirm.

---

[1] The State urges four other issues "in an abundance of caution to preserve error for review." Our resolution of the State's first two issues is dispositive and does not depend on resolution of any of those remaining issues. Accordingly, we need not address them.

**Background**

Kaufman County police officer Nicole Firebaugh pulled the vehicle at issue over because of an unlit tail light and brake light. Appellee's co-defendant, Elyse Rivera, was driving the vehicle; he was a passenger. Rivera's proof of insurance had expired, but Officer Firebaugh allowed her to contact her insurance agent by phone. While Rivera was attempting to establish insurance coverage, Officer Firebaugh requested a canine unit; the handler and dog arrived approximately ten minutes later.

A video that included the dog's open-air sniff was admitted as evidence at the hearing on the motion to suppress. The handler walked the dog around the car, but the camera's view was partially blocked. Ultimately, the video shows the dog inside the car. Based on the dog's signaling, police ultimately located methamphetamine in a syringe and in a baggie found in a pair of jeans in the back seat. Appellee and Rivera were arrested.[2]

Appellee's motion to suppress argued that the actions of the Kaufman Police Department—including the seizure of tangible evidence, his arrest, and obtaining any statements or photographs in connection with the traffic stop at issue—violated his constitutional and statutory rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, Article I, Section 9 of the Texas Constitution, and article 38.23 of the Texas Code of Criminal Procedure. Following the hearing on his motion and the motion filed by Rivera, the trial court ruled in a letter to the parties that "the [dog's] search inside the vehicle exceeded the scope of a lawful search." The judge signed an order granting the motion to suppress, and the State appeals.

---

[2] Rivera also moved to suppress the results of the police search. The State has appealed the trial court's granting of her motion as well.

**Standing to Challenge the Search**

In its first issue, the State argues that appellee lacked standing to challenge the search of Rivera's vehicle. A passenger in another person's vehicle generally has no standing to contest the search of that vehicle. *See Hughes v. State*, 24 S.W.3d 833, 838 (Tex. Crim. App. 2000). This is because rights secured by the Fourth Amendment are personal in nature. *Rakas v. Ill.*, 439 U.S. 128, 138–39 (1978). However, the passenger retains the right to show that he personally had a reasonable expectation of privacy that the government invaded. *Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004). "He must prove that he was a 'victim' of the unlawful search or seizure." *Id.* We review the issue of standing de novo. *Id.*

Appellee argues that the State is not entitled to challenge his standing on appeal because standing was not contested or raised during the hearing on the motion to suppress. We agree that the issue of standing in this context relates to appellee's Fourth Amendment rights rather than to our jurisdiction; as such, the State can forfeit its challenge by procedural default. See Coleman v. State, 246 S.W.3d 76, 84 (Tex. Crim. App. 2008). We conclude the State did forfeit this argument by failing to raise it during the motion-to-suppress proceedings below.

Moreover, we conclude that appellee did meet his burden to prove that he had a legitimate expectation of privacy in the jeans in which the methamphetamine was found. The State asserts that he did not establish any evidence of a "possessory interest" in the jeans found beneath his seat. *See Meeks v. State*, 692 S.W.2d 504, 510 (Tex. Crim. App. 1985) (passenger in vehicle lacks legitimate expectation of privacy where there is no possessory interest in vehicle or property seized). We conclude the evidence sufficiently establishes that appellee had a legitimate expectation of privacy in the jeans. Officer Firebaugh testified that based on her training, education, and life experience, the jeans were "male [jeans]." Appellee was the only male person in the car. The officer also explained that the jeans were located "directly behind the front right

passenger seat on the floorboard." Appellee was riding in the right front passenger seat when the car was pulled over.

The video evidence supports our conclusion. Although much of the recorded conversation among the officers and accused is indecipherable, one can make out comments by Rivera to Officer Firebaugh referring to "his clothes" and "back seat." One series of statements in this regard is clear: the dog's handler asserts that Rivera will be responsible for anything in the vehicle, she responds, and then Officer Firebaugh tells her that "You admitted that they were his clothes; if I find it in the clothes it's on him, not you, ok?" As appellee points out in his brief, the video shows an officer removing a laundry basket of clothes from the right side of the back seat during the search. The jeans, however, were not in that basket; they were separate and were found, the State says, "directly beneath [appellee's] seat." This placement suggests an expectation of privacy. *See, e.g.*, *Chapa*, 729 S.W.2d at 728 ("In view of the fact that appellant sat in the front passenger side of the taxicab, it was reasonable for him to expect he could stow his personal effects underneath the front seat without fear of government intrusion.").

We conclude that the State forfeited its right to complain of appellee's standing in this case. Nevertheless, we conclude that appellee had a reasonable expectation of privacy in the jeans that were found and searched by the police. Accordingly, he had standing to challenge the search that led them to the jeans.

### The Motion to Suppress

We review a trial court's ruling on a motion to suppress evidence for abuse of discretion, using a bifurcated standard. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We give almost total deference to the trial court's determination of historical facts, and we review its application of the law of search and seizure to the facts de novo. *Id.* We will sustain the trial court's

ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case. *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

In its second issue, the State contends that the trial court abused its discretion by implicitly finding that the dog did not alert on appellee's vehicle before entering the front seat because that finding "is contrary to indisputable visual evidence and ignores the collective knowledge doctrine." The State relies here on the well established rule that "a positive alert on a vehicle by a trained drug-detection dog, standing alone, may provide officers with probable cause to search the vehicle without a warrant." *Branch v. State*, 335 S.W.3d 893, 901 (Tex. App.—Austin 2011, pet. ref'd). Because the trial court ruled that the dog's presence inside the car represented an unlawful search, the State infers that the trial court did not believe the dog alerted on appellee's vehicle before it was permitted to enter the car.

The State argues first that "indisputable video evidence" establishes that the dog did alert on appellee's car. Our review of the video confirms the State's assertion that the dog stood on its back legs and stuck its face in the partially open rear window of the vehicle. But the State presented no evidence of how this dog was trained to alert to the presence of contraband. Cases suggest that dogs alert to the presence of contraband in different ways. *See, e.g., Jones v. State*, 511 S.W.3d 202, 205 (Tex. App.—Corpus Christi 2015, no pet.) (dog alerted by biting, scratching, and attempting to jump); *Anderson v. State*, No. 05-13-01355-CR, 2015 WL 1255969, at *2 (Tex. App.—Dallas Mar. 17, 2015, no pet.) (dog alerted by biting, barking, or scratching at the source of the odor); *$8,300.00 in U.S. Currency v. State*, No. 05-11-00901-CV, 2012 WL 5359229, at *2 (Tex. App.—Dallas Nov. 1, 2012, no pet.) (dog alerted by scratching on cabinet where money was hidden); *Porter v. State*, No. 14-01-00687-CR, 2002 WL 1488983, at *3 (Tex. App.—Houston [14th Dist.] July 11, 2002, pet. ref'd) (dog alerted by very aggressive scratching and barking). The

video in this case cannot be indisputable proof of an alert without evidence of the manner in which this dog alerted to contraband.

The State not only failed to offer evidence concerning how the dog alerted, it also failed to offer any evidence concerning the dog's training or reliability. Officer Firebaugh was the State's only witness at the hearing on the motion to suppress. She candidly admitted that she was not a canine handler and had no particular training in that area. She testified that she could not tell when the dog alerted; she relied on the handler's representation that the dog had done so. But the handler did not testify, and the State did not offer any records of the dog's training or certification. The United States Supreme Court has instructed that when the State relies on a drug dog's alert for probable cause to search, it must offer some evidence, preferably from "controlled settings," that the dog performs reliably in detecting drugs. *Florida v. Harris*, 568 U.S. 237, 248 (2013). The State offered no evidence that could establish that the dog alert, if it occurred, was sufficiently reliable to support probable cause to search the vehicle.

The State argues that we can employ the "common knowledge" of Officer Firebaugh and the handler to find probable cause. It relies on *State v. Martinez*, in which the Court of Criminal Appeals stated that "when several officers are cooperating, their cumulative information may be considered in assessing reasonable suspicion or probable cause." 569 S.W.3d 621, 626 (Tex. Crim. App. 2019). In *Martinez*, the defendant was arrested for public intoxication in the presence of three police officers. Two of the officers testified at the hearing on his motion to suppress; the third officer, who had actually arrested the defendant, did not. *Id.* at 624. The defendant challenged his warrantless arrest, and the State relied upon the exception for offenses committed in the presence of the police. *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 14.01(b) ("A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.")). The State argued that "the sum total of the knowledge of all three officers would add up to probable

cause," and the arrest should be upheld. *Id.* at 626. The court concluded that the testimony of the two officers present at the scene "clearly established" probable cause, and because the arresting officer was cooperating with them, the exception to the warrant requirement was satisfied. *Id.* at 630.

Here Officer Firebaugh could not provide probable cause based upon her personal knowledge as the two officers could in *Martinez.* She testified that she did not know when the dog alerted. Indeed, she stated that she could not offer any opinion or testimony as to how drug dogs are trained, what they are specifically looking for, or how they alert. And to the extent that the State relies on what the handler told Officer Firebaugh, the only specific statement in the record— "That's the first time he's [unintelligible] jumped through the window before"—fails to provide any information concerning the dog's training or reliability.[3] We conclude the witness lacked any relevant "common knowledge" that could substitute for testimony from the dog's handler.

Finally, the common knowledge doctrine does not eradicate the requirement that a defendant have an opportunity to challenge a search. *Harris*, 568 U.S. at 247 (defendant must have opportunity to challenge evidence of dog's reliability). The only witness who was available for cross-examination in this case testified that she did not know anything about the dog's training.

We are required to find probable cause for a search, even for an arrest based on a trained canine's alert. *Walsh v. State*, 743 S.W.2d 687, 689 (Tex. App.—Houston [1st Dist.] 1987, no pet.). Officer Firebaugh testified that she did not have probable cause to search the vehicle before she called for the canine team. In the absence of any testimony concerning the dog's training, reliability, and method of alerting, the canine search could not provide probable cause to search Rivera's vehicle or its contents. Accordingly, we conclude that the search was unlawful.

---

[3] The statement could suggest that the dog's looking through the partially open back window was an alert. It could also mean that the dog jumped into the car through an open front window, which was out of the camera's view. In either case, the handler reports that the dog acted in an unusual manner, which is contrary to any premise of reliability.

The trial court did not abuse its discretion in granting appellee's motion to suppress. We overrule the State's second issue.

## Conclusion

We affirm the trial court's order granting appellee's motion to suppress.

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

Do Not Publish
Tex. R. App. P. 47

191362f.u05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-18-01362-CR     V.

JOSHUA PATRICK SMITH, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 18-30063-422-F.
Opinion delivered by Justice Pedersen, III.
Justices Reichek and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of December, 2019.