

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00317-CR

Victor **SANTIAGO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR0894
Honorable Jennifer Pena, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:     Luz Elena D. Chapa, Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: August 19, 2020

AFFIRMED

Victor Santiago appeals his convictions for several sex offenses involving a minor child. His sole issue on appeal is that the trial court erred by denying his motion to suppress evidence obtained as a result of his arrest because he was arrested without a valid warrant. We affirm the judgments of conviction.

## BACKGROUND

On March 1, 2017, Santiago was charged with sexual assault of a child and indecency with a child in a ten-count indictment. The case was docketed as cause number 2017-CR-2176. That

same day, a capias warrant issued for Santiago's arrest, and the sheriff returned the capias as executed. Santiago's retained counsel filed a motion to withdraw, which the trial court granted. The State later moved to dismiss the indictment.

On January 25, 2018, Santiago was re-indicted with another ten-count indictment. The case was docketed as cause number 2018-CR-0894. That same day, another capias issued for Santiago's arrest. The sheriff returned the capias as executed on February 2, 2018. In the 2018 case, Santiago filed numerous pro se motions. One of the pro se motions was a motion to suppress evidence alleging he was arrested without a warrant and without probable cause. Santiago was later appointed counsel.

At a pretrial hearing, Santiago's appointed counsel adopted Santiago's pro se motion to suppress, and argued the State was unable to produce a copy of the capias warrant from the 2017 case. Counsel explained Santiago had a right to review his arrest warrants. The State's attorney responded he was unable to find the capias warrant from the 2017 case, but produced the executed capias warrant from the 2018 case. The trial court denied the motion to suppress.

The case proceeded to a jury trial. The jury found Santiago guilty of most of the charged offenses, but acquitted him of others. The trial court imposed Santiago's sentences, and Santiago filed a timely notice of appeal. Several months later, the executed capias warrant from the 2017 case was filed with the trial court clerk.

## DISCUSSION

On appeal, Santiago does not challenge the sufficiency of the evidence or any of the trial proceedings. His sole issue is that the trial court erred by denying his pretrial motion to suppress. We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We review a trial court's conclusions of law de novo. *Id.* at 328. We afford a trial court's fact findings almost total deference if they are

supported by the record, especially when they are based on the evaluation of witness credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Furthermore, when a trial court erroneously denies a motion to suppress and admits evidence obtained in violation of the Fourth Amendment, the error is subject to a harmless error analysis. TEX. R. APP. P. 44.2(a); *Hernandez v. State*, 60 S.W.3d 106, 108 (Tex. Crim. App. 2001).

When a defendant moves to suppress evidence on the basis of a Fourth Amendment violation, the defendant has the initial burden of proof. *State v. Martinez*, 569 S.W.3d 621, 623 (Tex. Crim. App. 2019). To satisfy this initial burden, "a defendant must produce evidence that defeats the presumption of proper police conduct and therefore shifts the burden of proof to the State." *Id.* at 623–24. "A defendant meets his initial burden of proof by establishing that a search or seizure occurred without a warrant." *Id.* at 624. The burden shifts to the State only after the defendant has satisfied his initial burden. *Id.* In many cases, whether the defendant was arrested without a warrant is undisputed. *See, e.g.*, *id.*

In the trial court, it was undisputed Santiago was arrested with a valid capias warrant in the 2018 case. However, in the 2017 case, the State never stipulated or agreed Santiago was arrested without a capias warrant. Santiago asked to see the capias warrant from the 2017 case, and the State could not find it. The State offered two explanations: "[T]his capias warrant has either been misplaced or was never returned to the Court's file under the previous style of this case." In the 2017 case, Santiago was indicted before he was arrested, but presented no evidence at the suppression hearing that he was arrested without a capias warrant. The State also did not stipulate Santiago was arrested without a capias warrant. No evidence at the suppression hearing showed Santiago was actually arrested without a capias warrant in the 2017 case. Santiago therefore failed to meet his initial burden of proof to overcome the presumption of proper police conduct. *See id.* The burden therefore never shifted to the State to present any evidence. *See id.*

Furthermore, the record establishes that at the time of the suppression hearing, Santiago was confined pursuant to a valid capias warrant that had been executed and filed in the 2018 case. The record further establishes that, although the capias from the 2017 case was missing, Santiago was arrested pursuant to a valid capias in both cases. Santiago argues the State had the burden to produce the warrants and supporting affidavits, but cites cases in which a defendant was arrested on a pre-indictment warrant supported by a probable cause affidavit, not a capias issued after an indictment. *See, e.g.*, *Paulea v. State*, 278 S.W.3d 861, 864 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd).

The grand jury's indictments reflect probable cause findings, and the capias warrants were issued by a neutral and detached magistrate. *See* TEX. CODE CRIM. PROC. arts. 23.01(1), 23.03; *State ex rel. Holmes v. Salinas*, 784 S.W.2d 421, 425 (Tex. Crim. App. 1990) ("[T]he grand jury returns its own probable cause determination via the indictment."). Finally, Santiago refers this court to no evidence admitted at trial that was obtained as a result of his first arrest in the 2017 case. *See* TEX. R. APP. P. 38.1(i). We hold that Santiago's issue that he was arrested without a warrant and without probable cause is not supported by the record. We therefore overrule Santiago's sole issue.

## CONCLUSION

We affirm the judgments of conviction.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH