**Opinion filed September 11, 2020**



# In The

# Eleventh Court of Appeals

———————

## Nos. 11-18-00001-CR & 11-18-00002-CR

———————

## THE STATE OF TEXAS, Appellant
## V.
## TERRY DARYL WHITMAN, Appellee

**On Appeal from the 385th District Court**
**Midland County, Texas**
**Trial Court Cause Nos. CR49338 & CR49339**

### O P I N I O N   O N
### S T A T E ' S   M O T I O N   F O R   R E H E A R I N G

The State has filed a motion for rehearing asserting three issues with respect to our previous opinion.[1]  We issue this opinion on the State's motion for rehearing to address one of the State's issues.

---

[1]The court commends the State on the respectful tone of its motion for rehearing.  The motion reflects a sincere disagreement with our previous opinion.  If a party believes that we have gotten something wrong, we welcome its assistance in helping us get the correct result, particularly when that assistance is in the form of a motion for rehearing that is constructive in nature.  A motion for rehearing is particularly appropriate in this case given the fact that Appellee raised a new matter in his brief that is dispositive of the appeal.

In its first issue, the State asserts that Article 14.01(b) does not require an officer to actually witness an offense being committed in his presence in order to make a warrantless arrest. *See* TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (West 2015). We disagree.

As we noted in our prior opinion, there are two requirements for a warrantless arrest: (1) probable cause and (2) a statutory exception for a warrantless arrest. *State v. Martinez*, 569 S.W.3d 621, 628 (Tex. Crim. App. 2019) (citing *Torres v. State*, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005)); *State v. Steelman*, 93 S.W.3d 102, 107 (Tex. Crim. App. 2002). Many cases have addressed the requirement of probable cause for an arrest. An example of a case of this type is *State v. Woodard*, the case upon which the State relies in presenting the first issue in its motion for rehearing. 341 S.W.3d 404 (Tex. Crim. App. 2011). An officer is permitted to rely on information conveyed to him by others about a matter that the arresting officer did not personally observe to establish probable cause for the arrest. *Martinez*, 569 S.W.3d at 628; *Woodard*, 341 S.W.3d at 412. Simply put, the basis for the arresting officer's probable cause for a warrantless arrest does not have to be something that the officer personally observed. *Martinez*, 569 S.W.3d at 628 ("Probable cause for a warrantless arrest under article 14.01(b) may be based on an officer's prior knowledge and personal observations, and an officer may rely on reasonably trustworthy information provided by another person in making the overall probable cause determination." (citing *Woodard*, 341 S.W.3d at 412)).

But there is an additional requirement that must be satisfied in addition to probable cause—a statutory exception for the warrantless arrest. *Id.* at 624. We analyzed Appellee's arrest under Article 14.01(b) in an effort to determine if the arresting officer had a statutory exception for making a warrantless arrest of Appellee. We note that the State has not cited any other statutory exception that would justify the warrantless arrest of Appellee.

Article 14.01(b) expressly provides that "[a] peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view." CRIM. PROC. art. 14.01(b). We disagree with the State's assertion that, irrespective of the express words of this statute, an arresting officer does not have to actually witness some part of the offense. The Texas Court of Criminal Appeals' recent opinion in *Martinez* supports our conclusion. In *Martinez*, the court initially examined the requirement that the defendant's arrest must be supported by probable cause. 569 S.W.3d at 626–28. The court then continued its analysis to determine if an offense was committed in the presence of the police officers. *Id.* at 628–30. The court concluded that the offense of public intoxication was committed in the presence of the officers. *Id.* at 630.

The State's reading of *Woodard* as not requiring that an officer personally observe some portion of the offense to satisfy Article 14.01(b) is not necessarily incorrect, particularly if one considers that Presiding Judge Keller authored a dissenting opinion in *Woodard* on the basis that the arresting officer did not witness some portion of the offense. *Woodard*, 341 S.W.3d at 414–15 (Keller, P.J., dissenting). Other intermediate courts have reached the same conclusion as that advanced by the State in its motion for rehearing. *See Akins v. State*, 202 S.W.3d 879, 889 (Tex. App.—Fort Worth 2006, pet. ref'd) ("In other words, although the statute states that the offense must be one that is committed within the officer's presence or view, an officer can make a warrantless arrest based on an offense that was committed at an earlier time and further, the officer does not even have to personally see the offense committed before the warrantless arrest is justified under article 14.01(b).").

We disagree that *Woodard* negated the express requirement of Article 14.01(b) that an offense be committed in the arresting officer's presence or view in order to justify a warrantless arrest under the statute. If *Woodard* had done

so, there would have been no need for the Texas Court of Criminal Appeals in *Martinez* to determine if an offense had been committed in the presence or view of the arresting officer after it determined that the arresting officer had probable cause.

We deny the State's motion for rehearing.


JOHN M. BAILEY

CHIEF JUSTICE


September 11, 2020

Publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.