

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00201-CR
_____

THE STATE OF TEXAS, APPELLANT

V.

MASON LEBLANC, APPELLEE

On Appeal from the County Court at Law
Comal County, Texas
Trial Court No. 2021CR0785, Honorable Randy C. Gray, Presiding

August 22, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

The State of Texas appeals[1] from the trial court's order granting Appellee Mason LeBlanc's pretrial motion to suppress evidence in the underlying prosecution for the offense of driving while intoxicated (DWI).[2]  The State contends the trial court erred by

---

[1] *See* TEX. CODE OF CRIM. PROC. ANN. art. 44.01(a)(5) (authorizing State's appeal from order granting motion to suppress).

[2] This appeal was originally filed in the Third Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001.  In the event of any conflict, we apply the transferor court's case law.  TEX. R. APP. P. 41.3.

granting the motion to suppress because there was probable cause to arrest LeBlanc for DWI and probable cause for the magistrate to issue a blood search warrant. Alternatively, the State asks that we abate and remand the case for preparation of unspecified additional findings of fact and conclusions of law. For the foregoing reasons, we reverse the order of the trial court and remand for further proceedings consistent with this opinion.

## Background

Near midnight on Friday, August 29, 2020, Officer David Clish of the Bulverde Police Department was dispatched to the scene of a one-vehicle rollover accident. Upon arrival at the scene, he found a Ford pickup resting on the driver's side, and LeBlanc trapped inside the cab, standing on the driver's side door. An unidentified person at the scene told Clish that LeBlanc seemed intoxicated.

After emergency personnel arrived, the pickup windshield was removed; LeBlanc exited the cab. He refused transportation to a hospital by EMS. LeBlanc told Clish his head hurt. Just before Clish proceeded with administration of a horizontal gaze nystagmus test (HGN), commonly used to assist in detecting intoxication, LeBlanc sat down in the grass on the shoulder of the road. He did not stand up and said he "needed a second." Clish performed the HGN test while LeBlanc was seated.

After completing the test, Clish told a fellow officer assisting with scene security, Corporal Brian Harshman, that he detected six of six clues on the HGN test. Corporal Harshman testified that when LeBlanc was getting up from the seated position on the side

2

of the road, the officer smelled metabolized alcohol emitting from Appellee.[3]  Harshman also observed that LeBlanc had "slowed speech."  Following completion of the field sobriety tests, Clish placed LeBlanc under arrest for DWI.  LeBlanc refused to provide a breath or blood specimen, so Clish obtained a search warrant for a blood draw.  Clish's search-warrant affidavit states, among other things, that Clish did not detect or observe the odor of alcohol, but did detect or observe LeBlanc had bloodshot eyes, slowed speech, a cooperative attitude, and slow reaction balance.

LeBlanc filed a pretrial motion to suppress the HGN test results and the blood test and asked the court to find no probable cause existed to arrest LeBlanc "based on the totality of the circumstances."  During the evidentiary hearing, the trial court observed, in part:

> There is nothing articulated by [Officer Clish] even today saying I smelled alcohol.  <u>The fact that the other officer [Harshman] smelled alcohol and didn't pass that information on is a problem because if you had something else to hang your hat on, then it would work, but you don't . . . .</u>  But nothing indicated from the report, from the testimony says that there was any substance at all involved here.  All we got is a crash and somebody who's confused after a rollover accident.

(Emphasis added, alteration added).  The court granted LeBlanc's motion to suppress in full.  The court issued findings of fact and conclusions of law on June 23, 2022.[4]  Many of

---

[3] Harshman testified he "was unaware that Officer Clish did not smell the alcohol himself."  Harshman did not communicate his observation to Clish while on-the-scene.

[4] On the same day as the trial court's issuance of findings and conclusions, the Third Court of Appeals issued its opinion in *State v. Hartley,* No. 03-21-00230-CR, 2022 Tex. App. LEXIS 4289, at *20 (Tex. App.—Austin June 23, 2022, no pet.) (mem. op., not designated for publication), applying the "collective knowledge doctrine" to hold the County Court at Law #1 of Comal County erred in granting a DWI arrestee's motion to suppress on grounds that a singular officer lacked reasonable suspicion to initiate the traffic stop.  The State filed a "Motion for Reconsideration Supplemental: Third Court Reverses *Hartley* Suppression," in the trial court on the same day, though the record is unclear whether the findings of fact and conclusions of law had already been signed.

3

the court's findings of facts were specific to describing Clish's conduct and testimony, including a statement that "Officer Clish's testimony regarding his observations of Mr. Leblanc (sic) regarding any indicators of intoxication was not credible." On the other hand, the court's conclusions of law included the following statement:

> Officer Harshman's testimony was found not to be relevant since he did not make the decision to arrest and did not communicate his observations to Officer Clish who made the decision to arrest.

## Analysis

Through its first issue the State argues the trial court abused its discretion in granting LeBlanc's motion to suppress because the totality of the circumstances demonstrate that Officer Clish had probable cause to arrest LeBlanc.

Because this case is transferred to us from the Third Court of Appeals, we are guided by its precedent, and that of the Court of Criminal Appeals, on all relevant issues. *See* TEX. R. APP. P. 41.3; *Kennedy v. State*, 385 S.W.3d 729, 730 n.1 (Tex. App.—Amarillo 2012, pet. ref'd). When we review a trial court's ruling on a motion to suppress, we utilize a bifurcated approach. *Martin v. State*, 620 S.W.3d 749, 759 (Tex. Crim. App. 2021). "We afford almost complete deference to the trial court's determination of historical facts, especially when based on 'an assessment of credibility and demeanor,' but conduct a de novo review of mixed questions of law and fact that do not hinge on credibility or demeanor determinations." *Furr v. State*, 499 S.W.3d 872, 886 (Tex. Crim. App. 2016). A trial court's error failing to consider the collective knowledge doctrine constitutes an error of law that can be remedied on appeal. *See Hartley*, 2022 Tex. App. LEXIS 4289, at *11; *State v. Teran-Cortes*, No. 09-18-00315-CR, 2019 Tex. App. LEXIS

4

4198, at *11 (Tex. App.—Beaumont May 22, 2019, no pet.) (mem. op., not designated for publication).

Probable cause for officers to arrest LeBlanc without a warrant exists under TEX. CODE CRIM. PROC. ANN. art. 14.01(b) "if, when the arrest is made, the facts, circumstances, and reasonably trustworthy information known to the arresting officer, are sufficient for a prudent person to conclude that an individual committed or was committing a criminal offense." *State v. Espinosa*, 666 S.W.3d 659, 667 (Tex. Crim. App. 2023). We examine probable cause from the totality of the circumstances. *Id.* The record shows without dispute that LeBlanc was operating the vehicle on a public roadway at the time of the August 29, 2020 rollover accident. TEX. PENAL CODE ANN. § 49.04(a) (defining DWI offense). Therefore, the relevant question is whether LeBlanc was intoxicated at the time. *Id.*

On appeal, the State argues that even though Clish was the arresting officer, the information cumulatively held with Corporal Harshman may be considered in assessing reasonable suspicion or probable cause. We agree. *See State v. Martinez,* 569 S.W.3d 621, 626 (Tex. Crim. App. 2019) (agreeing with argument that "under this 'collective knowledge' doctrine, when several officers are cooperating, their cumulative information may be considered in assessing reasonable suspicion or probable cause." (citing *State v. Duran*, 396 S.W.3d 563, 569 n.12 (Tex. Crim. App. 2013); *Illinois v. Andreas*, 463 U.S. 765, 771–72 n.5, 103 S. Ct. 3319, 77 L. Ed. 2d 1003 (1983) ("where law enforcement authorities are cooperating in an investigation, . . . the knowledge of one is presumed shared by all")); *Hartley,* 2022 Tex. App. LEXIS 4289 at *13.

5

As with the Court of Criminal Appeals' holding in *Martinez* and the Third Court's holding in *Hartley*, the evidence here shows officers Clish and Harshman were responding to the same call, were present at the scene, had some degree of communication with LeBlanc, and all were present at the time of the arrest. To adapt the rationale described in *Martinez*; "Therefore, it is apparent that [Officer Clish] was cooperating with [Corporal Harshman], and all of the officers present were working as a team responding to the call." 569 S.W.3d at 627. Harshman's knowledge that LeBlanc smelled of alcohol should have been considered in the totality of circumstances analysis of whether probable cause existed to arrest LeBlanc. *See id.* at 629 (evidence that officer could smell alcohol on defendant served as some evidence of intoxication); *Stroud v. State*, No. 03-19-00097-CR, 2020 Tex. App. LEXIS 1457, at *35 (Tex. App.—Austin Feb. 21, 2020, no pet.) (mem. op., not designated for publication) (defendant's smell of alcohol and displaying clues of HGN test among factors supporting probable cause to arrest defendant for driving while intoxicated). When the trial court refused to consider Harshman's observations as irrelevant to the analysis, it committed error.

Courts examine probable cause from the totality of the circumstances, and we note the trial court did not consider whether probable cause to arrest LeBlanc existed given the facts, circumstances, and reasonably trustworthy information known to Clish and Harshman, cumulatively, at the time of the arrest. We accordingly reverse[5] the order of

---

[5] Generally we must not reverse a judgment if the trial court can correct its action or failure to act. *See* TEX. R. APP. P. 44.4(a)(2). We see no benefit in applying this rule in the present instance, however, because we have previously abated and remanded this cause affording the trial court, among other things, the opportunity to make any additional findings and conclusions it deemed necessary to support its suppression order. *State v. LeBlanc,* No. 07-22-00201-CR, 2022 Tex. App. LEXIS 7670, at *4–5 (Tex. App.—Amarillo Oct. 17, 2022) (per curiam order, not designated for publication) ("If the trial court believes that additional findings of fact or conclusions of law are essential in light of this order, it shall make such findings and conclusions . . . ."). Nevertheless, no additional findings and conclusions were filed.

the trial court and remand the cause to the trial court for reconsideration of its suppression order.[6]

**Conclusion**

We reverse the order of the district court and remand for further proceedings consistent with this opinion.

Lawrence M. Doss
Justice

Do not publish.

Yarbrough, J., dissenting.

---

[6] By its second issue, the State argues the trial court abused its discretion in suppressing the blood draw results because it failed to afford deference to the magistrate's probable cause determination. Here Clish's search-warrant affidavit states that LeBlanc "refused breath/blood consent." A magistrate who is a licensed attorney in Texas may issue a search warrant under Code of Criminal Procedure article 18.02(a)(10) to collect a blood specimen from a person who: (1) is arrested for *inter alia* DWI; and (2) refuses to submit to a breath or blood alcohol test. TEX. CODE CRIM. PROC. ANN. art. 18.01(j). Without sufficient findings to assess the trial court's probable-cause-to-arrest determination, it is not possible to assess the trial court's blood-draw determination.

By its third issue, the State alternatively requests we abate and remand the case for additional findings of fact and conclusions of law. In light of our disposition of the State's first issue, the request for an abatement and remand is moot. We also deny an earlier request by the State for the same relief which we have carried with the case.